■ ESTHER T. FULLER, Respondent, v. GEORGE E. FULLER, SR., Appellant.— REYNOLDS, J. Appeal from an order of the Family Court, Broome County, holding appellant guilty of contempt of court for failing to make support payments directed by the court and sentencing him to three months in jail therefor. The parties have stipulated that the sole issue raised here is the constitutional validity of a Family Court imprisoning a person pursuant to subdivision 3 of section 753 of the Judiciary Law and sections 156 and 454 of the Family Court Act for failure to pay support payments, appellant contending that his imprisonment is unconstitutional in that he is being sentenced to jail for his failure to pay a civil debt, citing among other authorities *People* v. *Saffore* (18 N Y 2d 101) and *Griffin* v. *Illinois* (351 U. S. 12). However, it is clear that his imprisonment here is solely for willful disobedience of the court's mandate. Order affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Staley, Jr., JJ., concur in memorandum by Reynolds, J.

(November 26, 1968)

■ CAROLYN PLUCKROSE, an Infant, by ELIZABETH PLUCKROSE, Her Parent, et al., Respondents, v. ABALENE PEST CONTROL SERVICE, INC., Appellant.— REYNOLDS, J. Appeal from a judgment of the County Court, Albany County, entered on a jury verdict in favor of respondents. Respondents brought the instant action seeking recovery for personal injuries sustained by then two-year-old Carolyn Pluckrose when she allegedly ingested a rat and mice control chemical sold and distributed by appellant and which was admittedly placed under the stove in the kitchen of respondent's home by an agent of the appellant. In an earlier trial of this case the jury had rendered a verdict of no cause of action which was set aside by the Trial Judge as being contrary to law and the weight of the evidence. On retrial the Trial Judge in his charge, after noting that the infant respondent could not be held to be contributorily negligent, instructed the jury that under the evidence presented the appellant was negligent as a matter of law and submitted to the jury solely the issue of damages. Appellant objects to the trial court's directing a verdict in favor of the respondents on the issue of liability rather than submitting such issue to the jury, and we must agree with its objection. The issue, as to whether the placing of the chemical under the stove considering all of the testimony in the record constituted negligence, was for the jury to decide and not the court as a matter of law (*Sadowski* v. *Long Is. R. R. Co.*, 292 N. Y. 448; *Imbrey* v. *Prudential Ins. Co.*, 286 N. Y. 434). Concededly, appellant was aware that the chemical was to be kept out of reach of children but there is also testimony that the placement under the stove was the safest position for it. The disputed issues as to whether appellant's employee was instructed that the chemical be placed in the spare room so that the children would not come in contact with it and whether the mother was aware of the location of the chemical under the stove were also for the jury's resolution. Accordingly, the judgment must be reversed and a new trial ordered. Judgment reversed, on the law and the facts, and a new trial ordered, with costs to abide the event. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.