■ In the Matter of COLETTE R. BAILEY, Respondent, v. MITCHELL M. BAILEY, Appellant.— In a support proceeding, the appeals are from two orders of the Family Court, Nassau County, as follows: (1) from so much of one order dated October 16, 1969 and entered December 1, 1969 as (a) adjudged appellant in willful disobedience of a prior support order, (b) fixed the amount of the arrears, (c) directed that he be committed to jail for 30 days if he fails to comply with said order entered December 1, 1969, (d) directed him to continue making support payments and to maintain certain insurance for respondent and their two children and (e) awarded respondent a counsel fee; and (2) from an order dated November 21, 1969 and entered December 17, 1969 which denied appellant's motion for reargument. Appeal from order entered December 17, 1969 dismissed, without costs. No appeal lies from an order denying a motion for reargument. Order entered December 1, 1969 modified, on the law and the facts, by (1) striking from the first decretal paragraph the words "above-named Respondent has willfully disobeyed the previous order of this Court and"; (2) reducing the amount set forth as arrears, in the first and third decretal paragraphs, from $985 to $500; (3) reducing the amount directed to be paid monthly on account of arrears, in the third decretal paragraph, from $100 to $50; (4) striking from the second decretal paragraph the words "continue to be the same" and substituting therefor the following: "be reduced to $135 per week"; and (5) striking out the fourth decretal paragraph and substituting therefor the provision that petitioner Colette R. Bailey is permitted to initiate proceedings under sections 453 and 454 of the Family Court Act in the event appellant hereafter fails to comply with the terms of the support order as modified. As so modified, order entered December 1, 1969 affirmed insofar as appealed from, without costs. In our opinion the record discloses a change in appellant's financial circumstances which warrants reducing from $985 to $500 the arrears that accrued after commencement of appellant's proceeding to reduce the support payments. Further, the learned Family Court erred in requiring appellant to pay the same $150 a week for the support of his wife and *one* child on and after the older child's 21st birthday on January 14, 1970 as had theretofore been awarded for the support of his wife and *two* children. This constituted an increase in the amount of support for the wife and one child which was not justified by any showing of a change in the dependents' circumstances, such as increased need. The amount should be reduced to $135 as of January 14, 1970. It is also our opinion that the learned Family Court erred in directing that appellant be committed to jail for 30 days if he thereafter would fail to comply with the support order. The Family Court must follow the procedure prescribed by statute for enforcing compliance with its orders in support proceedings (see Family Court Act, §§ 453, 454). Munder, Acting P. J., Martuscello, Latham, Kleinfeld and Benjamin, JJ., concur.