■ In the Matter of the Claim of ALEX MALTEZOS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 1, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective March 27, 1975 because he lost his employment through misconduct. Claimant, a taxicab driver, was last employed to March 26, 1975. A check of trip cards given to claimant, when compared with cards of the driver who had operated the taxi immediately before him, showed that the cards had been altered while in claiment's possession to show fewer trips by claimant. By showing fewer trips, a driver would not be expected to turn in as much money to the employer. Claimant denied altering the cards and contended that he turned over all his receipts. An issue of fact was thus created which was resolved against the claimant by the board, and since the determination is supported by substantial evidence, it must be affirmed. Decision affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of BONNIE L. CORNWELL, Respondent, v LARRY J. CORNWELL, Appellant.—Appeal from an order of the Family Court, Broome County, entered October 2, 1975, which found that appellant had willfully violated an order of the court and sentenced him to 90 days in the Broome County Jail. It is evident from the record that appellant is not sentenced to jail for failure to make support payments but solely for a willful disobedience of a mandate of the court (see *Chase v Griffin*, 31 AD2d 681; *Fuller v Fuller*, 31 AD2d 587; *Matter of Hoyt v Pierce*, 31 AD2d 582). Order affirmed, with costs. Greenblott, J. P., Sweeney, Main, Larkin and Reynolds, JJ., concur.