■ RHODA LAMPERT, Respondent, v IRVING LAMPERT, Appellant. (Proceeding No. 1.) IRVING LAMPERT, Appellant, v RHODA LAMPERT, Respondent. (Proceeding No. 2.)—Orders of Family Court, New York County, entered October 14, 1975, and entered December 1, 1975, and entered January 20, 1976, finding appellant husband in arrears in support in the amount of $4,692, and directing cash bonds or six months in civil jail and directing continuance of payments at the rate of $150 per week, and denying appellant husband's application for downward modification of support, and granting respondent wife's application to hold appellant husband in contempt and committing him to jail for six months, are all unanimously affirmed, without costs and without disbursements. Several Judges of the Family Court have reviewed this matter and have all found on the facts that the husband's application for downward modification of support is unjustified and that the husband is willfully in default in making the payments for support of his former wife and two children. We see no basis for interfering with these findings of fact. The husband makes several objections of law: The husband contends that he was denied the right to counsel because his attorney was engaged in another matter at one stage. Adjournments due to engagement of counsel are normally within the discretion of the Trial Judge. Here one adjournment was granted for this purpose; appellant husband is himself a lawyer and at first indicated his willingness to proceed without counsel. Matters of family support cannot await the convenience of counsel. The original provision for $150 weekly support was contained in judgments of separation and divorce in the Supreme Court. The husband contends that the orders are thus enforceable only by contempt procedures under sections 244 and 245 of the Domestic Relations Law and article 19 of the Judiciary Law rather than under section 454 of the Family Court Act as the Family Court purported to do in this case. But the enforcement provisions of section 454 of the Family Court Act are expressly applicable to "failure to obey any lawful order issued under this article" i.e., article 4 of the Family Court Act. And provision for enforcement in the Family Court of Supreme Court orders of support is contained in subdivision (c) of section 466 of the Family Court Act, itself a part of article 4 of the Family Court Act. Furthermore, in this case there were not only the judgments of the Supreme Court but later support orders issued by the Family Court itself. *Matter of MM v MM* (39 AD2d 995) cited by appellant, is distinguishable on its facts from the case at bar, particularly because of the presence of Family Court support orders in this case. To the extent that some of the language in that decision may be inconsistent with the holding in this case, we must respectfully disagree with it. Finally, appellant contends that the recent decision of a three-Judge United States District Court for the Southern District of New York in *Vail v Quinlan* (406 F Supp 951) invalidates the New York contempt procedures for enforcement of money obligations.

Without going into the question of whether we agree with that decision or not, we think it is not applicable to this case. That decision held various provisions of sections 756, 767, 770, 772, 773, 774 and 775 of the New York Judiciary Law invalid because they permitted a judgment debtor who failed to comply with the disclosure subpoena to be held in contempt without a hearing. But this reasoning has no applicability to section 454 of the Family Court Act which expressly provides "if, after hearing, the court is satisfied by competent proof that the respondent has failed to obey any such order, the court may (a) commit the respondent to jail for a term not to exceed six months, if the failure was willful." Concur—Kupferman, J. P., Silverman, Capozzoli, Lane and Nunez, JJ.