■ In the Matter of THOMAS J. FERRIS, JR., Appellant, v KIM M. FERRIS, Respondent. — Appeal from an order of the Family Court of Broome County (Whiting, Jr., J.), entered December 20, 1982, which found petitioner in willful violation of a prior visitation order and sentenced him to 60 days in the Broome County Jail. ¶ The record indicates that petitioner was to exercise visitation rights with his children at his mother's home. He admitted violating the court's edict by taking the children to his own home on at least three occasions and, on November 13, 1982, he kept the children with him overnight. Petitioner was therefore found to have violated the hours of visitation by failing to return the children to respondent at 5:00 P.M. on November 13. ¶ As to the latter finding, there is no evidence in the record to substantiate it. Petitioner

refused to take his children to respondent's boyfriend's house at her request and insisted instead in returning them directly to respondent's house. Respondent was not present when he arrived and he therefore kept the children overnight at his own home. Both petitioner and respondent acted unreasonably regarding the return of the children on the night in question, but petitioner cannot be held more accountable for the delay in their return than respondent. However, another aspect of petitioner's abuse of visitation privileges requires an affirmance of the order. ¶ Respondent has made some extremely serious accusations against petitioner regarding his relationship with his older son which, if true, would require precautionary measures to insure the child's well-being. Pending the resolution of this matter, the Family Court acted within its discretion in ordering supervised visitation. Petitioner's violation of such order constitutes willful disobedience of a mandate of the court (*Cornwell v Cornwell*, 51 AD2d 607). ¶ Order affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.