In the Matter of LEONIE ARON, Respondent, v STEVEN ARON, Appellant.

After unsuccessfully seeking a downward modification of his court-ordered support obligations *(see, Matter of Aron v Aron,* 140 AD2d 698), the appellant failed to pay college expenses for his two children for the 1986-1987 school year, and to pay alimony and child support for the months of January and February 1987. The petitioner then commenced this proceeding based upon the appellant's willful failure to comply with his support obligations.

We agree with the findings of the Family Court, Westchester County, that the appellant's failure to pay his support obligations was prima facie evidence of his willful disobedience of the court's order of support *(see,* Family Ct Act § 454 [3] [a]). The record further indicates that the appellant, who was able to afford his support obligations, as evidenced by, among other things, his life-style with his new family and his substantial earning potential, failed to "overcome the presumption of willful violation" *(Matter of Dickstein v Dickstein,* 99 AD2d 929; *see, Lampert v Lampert,* 51 AD2d 913; *Matter of Cornwell v Cornwell,* 51 AD2d 607).

Finally, so much of the order as committed the appellant to a six-month term of incarceration was a proper exercise of discretion by the Family Court *(see, Lampert v Lampert, supra).* The appellant has persistently refused to recognize his obligations to the children of his first marriage since he has remarried. He has failed to take advantage of the opportunity given to him to purge his contempt. He has not indicated any intent to change his conduct in the future. The record indicates that any other remedy would be ineffectual under the circumstances. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.