■ In the Matter of THELMA PORCELAIN, Respondent, v HARVEY PORCELAIN, Appellant.—In a proceeding pursuant to Family Court Act § 454, the appeal is from an order of the Family Court, Nassau County (Balkan, J.), entered November 4, 1987, which, inter alia, (1) found that the appellant had willfully failed to obey a prior order of support, and (2) committed him to the Nassau County Correctional Center for 30 days.

Ordered that the order is modified, (1) by deleting from the second decretal paragraph thereof "$9,963.73" and substitut-

ing therefor "$7,588.50", and (2) by deleting from the eleventh decretal paragraph "$150" and substituting therefor "$75"; as so modified, the order is affirmed, without costs or disbursements.

The appellant husband is admittedly in arrears and is, therefore, in violation of the provisions of a previous order of support. On September 4, 1987, a hearing was held pursuant to Family Court Act § 454 to determine whether his failure to make the required payments was willful. The appellant now contends that the hearing evidence did not establish his willful violation of the support order. We disagree. Pursuant to Family Court Act § 454 (3) (a), the "failure to pay support, as ordered, shall constitute *prima facie* evidence of a willful violation". While the appellant asserted a defense of financial inability, the Family Court found his testimony incredible and unworthy of belief. The record supports the Family Court's determination that the appellant's claimed unemployment and poverty were contrived and that he was guilty of economic fault *(see, Hickland v Hickland,* 39 NY2d 1, *cert denied* 429 US 941; *Griffin v Griffin,* 115 AD2d 587). On this record, we conclude that the appellant's willful violation of the prior support order was established by clear and convincing evidence *(see, Matter of Schmerer v McElroy,* 105 AD2d 840; *Matter of Nassau County Dept. of Social Servs. v Walker,* 95 AD2d 855, *lv dismissed* 60 NY2d 557).

Finally, in light of our prior determination that the appellant was not required to maintain major medical insurance for the children, at a cost of $2,375.23 *(see, Matter of Porcelain v Porcelain,* 141 AD2d 648), the arrears have been reduced accordingly. The order has also been modified to reflect the fact that appellant is no longer obligated to pay child support for the parties' daughter, who reached the age of 21 years in October 1987.

We have examined the remaining contentions raised in the appellant's *pro se* brief and find them to be without merit. Lawrence, J. P., Kunzeman, Sullivan and Balletta, JJ., concur.