■ In the Matter of ALIDA ORZECHOWSKI, Respondent, v LEON ORZECHOWSKI, Appellant. [615 NYS2d 81] —In a support proceeding pursuant to Family Court Act article 4, the appeal is from an order of the Family Court, Orange County (Slobod, J.), dated February 7, 1994, which, after a hearing, committed the appellant to a 60-day period of incarceration for his willful violation of the support provisions of the parties' judgment of divorce.

Ordered that the order is affirmed, with costs, the stay granted by decision and order of this Court, dated March 15, 1994, is vacated, forthwith, and the matter is remitted to the Family Court, Orange County, for further proceedings.

We find no merit to the appellant's contention that the Family Court failed to advise him of his right to counsel in the subject proceeding, as is required by the Family Court Act (see, Family Ct Act § 262 [a] [vi]). The order of commitment states that the appellant was so advised, and the appellant has failed to overcome the presumption of regularity to which judicial proceedings are entitled (see, People v Andino, 183 AD2d 834; People v Pichardo, 168 AD2d 577).

We further disagree with the appellant's contention that there was insufficient evidence of his financial ability to meet his support obligations (see, Family Ct Act § 455 [5]). Failure to pay child support pursuant to a court order is prima facie evidence of willfullness (Family Ct Act § 454 [3] [a]). The appellant testified at the hearing that his gross income for 1993 was approximately $100,000, and that he owns income-producing real estate. In addition, the evidence supports the Family Court's conclusion that the appellant's noncompliance with the support provisions contained in the judgment of divorce was willful (see, Matter of Porcelain v Porcelain, 143 AD2d 834; Matter of Aron v Aron, 140 AD2d 697, 698).

We find no merit to the appellant's arguments that the Family Court improperly limited his ability to offer relevant evidence, or that the court was unfairly biased against him. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.