■ In the Matter of JOYCE RUSSO, Respondent, v RONALD GOLDBAUM, Appellant. [627 NYS2d 966] —In a proceeding pursuant to Family Court Act article 4, Ronald Goldbaum appeals from (1) an order of the Family Court, Queens County (Lubow, J.), dated October 5, 1993, which denied as untimely his objections to an order of a Hearing Examiner, dated July 30, 1993, (2) an order of the same court, dated November 16, 1993, which, after a hearing, directed entry of a judgment in favor of the petitioner in the sum of $10,514.84 and committed him

to six months incarceration, and (3) an order of the same court, dated January 11, 1994, which modified the terms of his incarceration by allowing his release from custody between Monday and Friday on condition that he remain gainfully employed.

Ordered that the orders dated October 5, 1993, and November 16, 1993, are affirmed, without costs or disbursements; and it is further,

Ordered that the order dated January 11, 1994, is modified, by adding a provision thereto conditioning the appellant's release upon his continued compliance with the prior orders of the court including, *inter alia,* that he make child support payments (including the pro-rated arrearages) and that he post a $1,000 bond toward future payments; as so modified, the order dated January 11, 1994, is affirmed, without costs or disbursements.

Contrary to the appellant's assertions, the record supports the Family Court's determination that his noncompliance with the court's prior orders was willful *(see, Matter of Orzechowski v Orzechowski,* 206 AD2d 535; *Matter of Porcelain v Porcelain,* 143 AD2d 834; *Matter of Aron v Aron,* 140 AD2d 697; *Matter of Nassau County Dept. of Social Servs. v Walker,* 95 AD2d 855). Accordingly, the court did not improvidently exercise its discretion in ordering him committed to a six-month term of incarceration *(see,* Family Ct Act § 454). However, we modify the order dated January 11, 1994, by conditioning the appellant's release upon his continued compliance with the prior orders of the court requiring, *inter alia,* that he make child support payments (including the pro-rated arrearages) and that he post a $1,000 bond toward future payments *(cf., Hicks v Feiock,* 485 US 624).

We have considered the appellant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Pizzuto and Krausman, JJ., concur.