■ In the Matter of JEANNE MARTIN, Respondent, v ANDREW M. DELANO, Appellant. [667 NYS2d 952] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Dunn, J.), entered December 9, 1996, which denied his objection to an order of the same court (Rodriguez, H.E.), entered July 24, 1996, which, after a hearing, *inter alia*, found that the mother was entitled to counsel fees pursuant to Family Court Act § 438 (b) and § 454 (3).

Ordered that the order is affirmed, without costs or disbursements.

The proof before the Hearing Examiner of the father's failure to pay court-ordered child support constituted prima facie evidence of a willful violation of the support order (*see*, Family Ct Act § 454 [3] [a]). The burden of going forward then shifted to the father to offer competent, credible evidence of his inability to comply with the order (*see, Matter of Powers v Powers*, 86 NY2d 63, 69-70; Family Ct Act § 455 [5]). The father, however, failed to demonstrate that he was financially unable to make the required payments. Contrary to the father's contention, his willful violation of the support order was established by clear and convincing evidence (*see, Matter of Bickwid v Deutsch*, 229 AD2d 533; *Matter of Porcelain v Porcelain*, 143 AD2d 834).

The father's remaining arguments lack merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.