■ In the Matter of GLORIA RICCIO, Respondent, v CHRISTOPHER PAQUETTE, Appellant. [725 NYS2d 884] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Lehman, J.), dated July 12, 2000, which, in effect, confirmed a determination of the same court (Lynaugh, H.E.), dated July 3, 2000, that he had willfully failed to obey an order of the same court, dated June 8, 1990, and thereupon committed him to a term of incarceration of 120 days, unless he purged himself of his contempt by paying the principal sum of $7,004 toward child support arrears.

Ordered that the order dated July 12, 2000, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and determination in accordance herewith.

In the absence of proof of an ability to pay, an order of commitment for willful violation of a support order may not stand (*see,* Family Ct Act § 455 [5]; *Matter of Roth v Bowman,* 245 AD2d 521; *Matter of Abbondola v Abbondola,* 40 AD2d 976). Here, the record fails to support a finding that the father's ability to pay was fully explored at the hearing. The Family Court's order of commitment was therefore improperly made. Accordingly, a new hearing is necessary to determine the father's ability to pay. Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.