■ SUZANNE COLEMAN, Respondent, v ARTHUR L. COLEMAN III, Appellant. [742 NYS2d 386] —In a matrimonial action in which the parties were divorced by judgment dated September 27, 1999, the defendant appeals from an order of the Supreme Court, Westchester County (Shapiro, J.), entered March 2, 2001, which granted the plaintiff's postjudgment motion for, inter alia, appellate counsel fees in the sum of $50,000 and child support and maintenance arrears in the sum of $66,525.76.

Ordered that the order is affirmed, with costs.

Pursuant to a judgment of divorce dated September 27, 1999, issued after a trial, the plaintiff was awarded a divorce on the ground of cruel and inhuman treatment, custody of the parties' four children, maintenance, child support, and over 50% of the marital property. The Supreme Court concluded that the plaintiff was entitled to the marital property as a result of the defendant's dissipation of assets, secretion of funds, hidden income, and accumulation of arrears. The defendant appealed from the judgment of divorce. However, he did not obtain a stay of enforcement of the judgment pending appeal.

Approximately one year later, the plaintiff moved to enforce various aspects of the judgment of divorce. The Supreme Court granted the motion in part, awarding the plaintiff, among other things, $50,000 for appellate counsel fees, and arrears totaling $66,525.76. The court also modified the judgment of divorce to direct the defendant to pay the plaintiff's accountant's fees because, through his misconduct, her source of funds to pay those fees was depleted.

The defendant contends that the Supreme Court erred in considering the plaintiff's motion to enforce the judgment of divorce while his appeal from the judgment was still pending. However, as the plaintiff correctly points out, enforcement of a judgment of divorce is not held in abeyance merely because an appeal is pending (*see Matter of Bickwid v Deutsch*, 229 AD2d 533).

The defendant also contends, inter alia, that the order is not

supported by the facts, and its enforcement will cause him extreme hardship. However, it is readily apparent from his opposition papers to the plaintiff's motion that the defendant is, in reality, still arguing about the Supreme Court's findings with respect to the parties' financial circumstances that underlie the judgment of divorce. His arguments are essentially founded on the premise that the Supreme Court erred in finding that he engaged in economic misconduct, and in imputing income to him, when it fashioned the judgment of divorce. These arguments have already been rejected by this Court in affirming the judgment of divorce (*see Coleman v Coleman,* 284 AD2d 426, *lv denied* 97 NY2d 609).

The defendant's remaining contentions are without merit. Friedmann, J.P., H. Miller, Adams and Townes, JJ., concur.