■ In the Matter of JEANINE GAYLE, Respondent, v GREGORY COUNTS, Appellant. [755 NYS2d 290] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Queens County (Lubow, J.), dated December 12, 2001, which confirmed a determination of the same court (Blaustein, H.E.), dated December 10, 2001, that he willfully violated an order of support, fixed the child support arrears at $15,988.13 as of November 20, 2001, and ordered that he be committed to the New York City Department of Corrections for a term of six months, to be served intermittently, with a $10,000 undertaking to secure his release from incarceration, and (2) an order of commitment of the same court dated December 12, 2001, which committed him to the New York City Department of Corrections for a term of six months, to be served intermittently.

Ordered that the appeal from the order dated December 12, 2001, that committed the father to the New York City Department of Corrections is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated December 12, 2001, that confirmed the determination of the Hearing Examiner, fixed the child support arrears, and ordered the father committed to the New York City Department of Corrections for a term of six months, to be served intermittently, is affirmed, without costs or disbursements.

The appeal from the order dated December 12, 2001, that committed the father to the New York City Department of Corrections must be dismissed as academic because the term of commitment has expired (see Matter of Department of Social Servs. [Harrison] v Henderson, 269 AD2d 395 [2000]; Matter of Lane v Lane, 216 AD2d 641 [1995]; Matter of Madison County Support Collection Unit v Drennan, 156 AD2d 883 [1989]).

The Family Court correctly confirmed the Hearing Examiner's determination that the father willfully violated the support order, which determination is entitled to great deference on appeal (see Matter of Stone v Stone, 236 AD2d 615 [1997]; Matter of Porcelain v Porcelain, 143 AD2d 834 [1988]; Matter of Nassau County Dept. of Social Servs. [Field] v Walker, 95 AD2d 855 [1983]). The father failed to rebut the prima facie evidence of willfulness, established by his failure to comply with the support award, by showing sufficient proof of his inability to

pay (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers,* 86 NY2d 63 [1995]; *Matter of Stone v Stone, supra*). While the father asserted a defense of financial inability, his testimony was properly found to be incredible and unworthy of belief (*see Matter of Porcelain v Porcelain, supra*).

The father's remaining contentions are without merit. Altman, J.P., S. Miller, Friedmann and McGinity, JJ., concur.