■ In the Matter of DEBRA M. WOLSKI, Respondent, v JAMES CARLSON, Appellant. [765 NYS2d 277] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Nassau County (Foskey, J.), dated March 22, 2002, as committed him to the Nassau County Jail for a period of six months for his wilful violation of an order of support of the same court dated March 22, 2001, and, upon the suspension of the commitment on the condition that he continue to pay his child support obligation, directed that an execution of commitment would issue upon his default.

Ordered that the order of disposition is modified, on the law, the facts, and in the exercise of discretion, by (1) deleting the provision thereof committing James Carlson to the Nassau County Jail for a period of six months and substituting therefor a provision committing James Carlson to the Nassau County Jail for a period of 30 days, and (2) deleting the provision thereof that, upon the suspension of the commitment, directed that an execution of commitment would issue upon James Carlson's default, and substituting therefor a provision that upon James Carlson's default, Debra M. Wolski may apply to the Family Court, Nassau County, upon notice to James Carlson, for revocation of the suspension; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements.

Although the Family Court has the discretion to suspend an order of commitment upon the condition of continued compliance with a prior order of support (*see* Family Ct Act § 455 [1]; *Matter of Russo v Goldbaum,* 215 AD2d 763 [1995]), the Family Court may not direct that the suspension be automatically revoked without notice and without a hearing upon failure to abide by the condition (*see Matter of Rogers v Rogers,* 77 AD2d 818 [1980]; *Matter of Bailey v Bailey,* 34 AD2d 984 [1970]; *see also Matter of Ontario County Dept. of Social Servs. [Reilly] v Hinckley,* 226 AD2d 1126 [1996]; *Matter of Rosa v Borowski,* 101 AD2d 668 [1984]). However, the mother may apply to the Family Court, Nassau County, upon notice to the father, to revoke the suspension in the event that the father fails to comply with the court-ordered condition (*see Matter of Bailey v Bailey, supra).*

Under the circumstances of this case, a shorter period of commitment is more appropriate. Smith, J.P., Townes, Cozier and Mastro, JJ., concur.