■ George Bisnoff, Appellant, v Pammi Lazarus Bisnoff, Respondent. [811 NYS2d 442]—

In a matrimonial action in which the parties were divorced by judgment entered January 30, 2001, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Sullivan, J.), dated August 11, 2004, as granted the defendant former wife's motion, inter alia, to hold him in contempt for failure to comply with the maintenance and child support provisions in the parties' separation agreement, which was incorporated by reference into the judgment of divorce, directed his incarceration for a period of 90 days in the Nassau County Correctional Facility, permitted him to purge himself of the contempt by paying the sum of $175,000 to the defendant former wife, and denied his cross application for a downward modification of his maintenance and child support obligations.

Ordered that the appeal from so much of the order as committed the plaintiff former husband to a term of incarceration of 90 days in the Nassau County Correctional Facility is dismissed as academic, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order is reversed insofar as reviewed, on the law, without costs or disbursements, motion is denied, and the matter is remitted to the Supreme Court, Nassau County, for a new determination, after a hearing, of the cross application.

The Supreme Court erred in finding that the former husband was in contempt. In the absence of proof of an ability to pay, an order of commitment for willful violation of a judgment in a matrimonial action may not stand (*see* Family Ct Act § 455 [5]; *Matter of Riccio v Paquette,* 284 AD2d 335 [2001]; *Matter of Burchett v Burchett,* 43 AD2d 970 [1974]). The record fails to support a finding that the former husband had the ability to pay his maintenance and child support obligations as set out in the parties' separation agreement.

Furthermore, the court should not have denied the former husband's cross application for a downward modification of his maintenance and child support obligations without first holding a hearing.

The parties' remaining contentions are either without merit or not properly before us. Florio, J.P., Krausman, Goldstein and Lifson, JJ., concur.