Matter of D.M.G. v M.L.B. (2006 NY Slip Op 51129(U))

[*1]

Matter of D.M.G. v M.L.B.

2006 NY Slip Op 51129(U) [12 Misc 3d 1170(A)]

Decided on June 14, 2006

Fam Ct, Onondaga County

Hanuszczak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through June 27, 2006; it will not be published in the printed Official Reports.

Decided on June 14, 2006

Fam Ct, Onondaga County
In the Matter of D.M.G. v M.L.B.
XX000-06

Edward B. Alderman, Esq., for petitioner; Patrick Connelly, Esq., for respondent.

Michael L. Hanuszczak, J.
On April 27, 2006, the attorney for the petitioner filed "Objections to the Order of the Hearing Examiner Filed and Entered on 3/28/06." An Affidavit of Service was filed with the Court, indicating proper service of the Objections upon the attorney for the respondent. On May 10, 2006, the attorney for the respondent filed "Respondent's Response to Petitioner's Objections." Transcripts of the support hearing dates were provided by the attorney for the petitioner.
On August 15, 2005, the petitioner, acting pro se, filed a petition for modification of the child support provisions of an order dated July 20, 2000. The petitioner alleged the following changes in circumstances: (1) the child is now entering kindergarten and her needs are increasing as she grows older; and (2) the respondent has had several raises and overtime income since the prior order. ( The Court notes that an administrative, cost-of-living Adjusted Order of Support, effective October 29, 2004, increased the amount of basic child support while continuing all other provisions of the July 20, 2000 support order.)
The matter came to trial and testimony was taken on November 11, 2005 and February 9, 2006. Each party appeared personally and was represented by counsel.
In the Findings of Fact and Decision, filed and entered on March 28, 2006, the Support Magistrate directed the respondent to pay 82% of the cost of the child's activities up to a $1,000.00 per year limit. The Support Magistrate declined to modify the basic child support amount, finding that the petitioner had failed to meet her burden of proving a change in circumstances since the last order.
The attorney for the petitioner objected to the order on the following grounds: (1) it was error to find that the petitioner failed to show an increase in the needs of the child and to preclude the petitioner from offering evidence dated after the filing date of the petition; (2) it was error to deny the application for an upward modification of the support order when the respondent's income had increased; (3) since the petitioner has no income, the respondent should pay 100% of the child's uncovered health expenditures and activities; and (4) there was no consideration of the petitioner's application for an award of counsel fees.
The attorney for the respondent argued that an increase in income, by itself, does not warrant an upward modification of an order of support and that the petitioner did not provide [*2]proof that the needs of the child had increased.
When the original amount of child support is fixed by a court, there are several factors which must be considered in determining whether there has been a change of circumstances warranting an upward modification of support: the increased needs of the child, the increased cost of living, the loss of income or substantial improvement in income of a parent, and the current and prior lifestyle of the child. (Shedd v. Shedd, 277 AD2d 917.) As the trier of fact, the determinations of a Support Magistrate are accorded great deference on appeal. (Gayle v. Counts, 302 AD2d 521.)
On examination of the transcript and the exhibits, this Count cannot find that the Support Magistrate erred as a matter of law or abused his discretion in his finding that the petitioner had not met her burden of showing a change in circumstances. While it is true that the income of the respondent increased since the time of the last support order, this factor alone does not warrant an upward modification, especially where, as here, the increase is largely due to a shift differential rate and overtime hours which are soon to cease according to the credible testimony of the respondent's employer and where there has always been a disparity of income between the parties. In addition, there was no evidence that documented expenses of the child were not being met. (McArthur v. Bell, 201 AD2d 974.)
Based upon a review of the exhibits at trial, it appears that the Support Magistrate did receive into evidence information that was dated subsequent to the filing of the petition, e.g. Petitioner's Exhibit 8, which is a compilation of the child's activities which occurred in 2005 and 2006.
The Support Magistrate did not err in continuing the prior determination of the parents' proportionate shares of the combined parental income established in the 2000 support order since the petitioner voluntarily quit her job and provided no medical evidence showing that she is unable to work. In such a situation, her former level of income is imputed to the petitioner. (Crosby v. Hickey, 289 AD2d 1013.)
Since the support order was silent as to any decision on the issue of attorney's fees, the petitioner may request the Support Magistrate to resettle the order with respect to this issue and then file an objection if she so chooses. Were this Court to reach the issue of attorney fees, it would give great deference to the decision of the Support Magistrate.
Accordingly, the petitioner's Objections are hereby denied.