■ In the Matter of MARJORIE TELLER, Respondent, v GROVER TUBBS, Appellant. [824 NYS2d 387]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Orange County (Klein, J.), entered July 15, 2005, as, after a hearing, found that he willfully failed to obey an earlier order of the same court dated May 28, 2004, and committed him to a term of incarceration of 30 days unless he purged himself of contempt by paying the sum of $ 7,043.84 towards child support arrears.

Ordered that the appeal from so much of the order as committed the father to a term of incarceration of 30 days is dismissed, without costs or disbursements, as the period of incarceration has expired; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

In reviewing the Family Court's finding, we give great deference to its determination, because it is in the best position to assess the credibility of the witnesses (*see Matter of Musarra v Musarra*, 28 AD3d 668, 669 [2006]; *Matter of Department of Social Servs. v Henderson*, 269 AD2d 395, 396 [2000]). Here, we agree with the Family Court that the father willfully violated the order dated May 28, 2004. The father's failure to pay child support constituted prima facie evidence of a willful violation of the order (*see* Family Ct Act § 454 [3] [a]; *Matter of Falk v Owen*, 29 AD3d 991, 991 [2006]; *see also Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]). The burden then shifted to the father to offer competent, credible evidence of his inability to comply with that order (*see Matter of Powers v Powers, supra* at 69-70; *Matter of Falk v Owen, supra* at 991; *Matter of Watson v Watson*,

21 AD3d 497, 498 [2005]). The Family Court properly found that the father failed to demonstrate that he had made reasonable efforts to obtain gainful employment to meet his child support obligations and thus it properly rejected claims of unemployment and impoverishment (*see Matter of Hunt v Hunt*, 30 AD3d 1065 [2006]; *Matter of Moore v Blank*, 8 AD3d 1090, 1091 [2004]; *Matter of Fallon v Fallon*, 286 AD2d 389, 389 [2001]). Crane, J.P., Krausman, Spolzino and Skelos, JJ., concur.