■ In the Matter of ORANGE COUNTY COMMISSIONER OF SOCIAL SERVICES, on Behalf of GENEVIEVE FRASER, Respondent, v SELVIN GREEN, Appellant. [826 NYS2d 692]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of disposition of the Family Court, Orange County (Klein, J.), dated November 18, 2005, as, after a hearing, (1) found that he willfully violated an order of support of the same court dated August 30, 2004, (2) committed him to the Orange County Jail for a period of 45 days unless he purged himself of his contempt by paying child support arrears in the sum of $43,311.82, and (3) directed that the commitment would issue in the event he made any payment under the support order dated August 30, 2004, more than 10 days late.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the contempt portion of the proceeding is dismissed.

''Proof of the father's failure to pay support [as] order[ed] constituted 'prima facie evidence of a willful violation' (Family Ct Act § 454 [3] [a]) and shifted the burden to him to come forward with competent, credible evidence of his inability to make the support payments'' (*Matter of Greene v Holmes*, 31 AD3d 760, 762 [2006]). Here, the father offered documentary evidence at the hearing corroborating his contention that he failed to pay the child support at issue because he was unable to access funds that were improperly restrained pursuant to a levy placed on his bank account by the State of New Jersey Office of Child Support as a result of a collection proceeding commenced by the mother in that state. Although the mother offered no evidence to controvert the father's assertions in this regard, the Family Court nevertheless found the father's default to be willful on the basis of the mother's conclusory contention that the father had transferred his assets to his sister in an attempt to avoid his creditors, and the court's conclusion that the father should have borrowed the amount he owed from his sister. Since the evidence does not support a finding of willfulness, the father should not have been held in contempt. In view of our determination, we do not reach the father's remaining contentions. Florio, J.P., Mastro, Rivera and Spolzino, JJ., concur.