■ In the Matter of Pritpal Kainth, Respondent, v Inder Kainth, Appellant. [829 NYS2d 580]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Suffolk County (Fields-Ferraro, S.M.), dated June 17, 2005, which directed the entry of a money judgment in favor of the mother and against him in the sum of $9,705.54, (2) an order of the same court also dated June 17, 2005, which, after a hearing, found that he wilfully violated a child support order of the same court dated January 31, 2001 and directed the entry of a money judgment in favor of the mother and against him in the sum of $9,705.54, and (3) an order of commitment of the same court (Spinner, J.), dated June 17, 2005, which confirmed the finding of willfulness, and committed him to the Suffolk County Correctional Facility for a term of imprisonment of six months with the opportunity to purge the contempt by payment of the sum of $4,852.77 toward his arrears.

Ordered that the appeals from the first order dated June 17, 2005 directing the entry of a money judgment, and from so much of the second order dated June 17, 2005 as directed the entry of a money judgment, are dismissed, without costs or disbursements (*see* Family Ct Act § 439 [e]); and it is further,

Ordered that the appeal from the remainder of the second order dated June 17, 2005 is dismissed, without costs or disbursements, as that portion of that order was superseded by the order of commitment; and it is further,

Ordered that the appeal from so much of the order of commitment as committed the father to the Suffolk County Correctional Facility for a term of imprisonment of six months is dismissed as academic, without costs and disbursements, as the period of incarceration has expired (*see Matter of Greene v Holmes,* 31 AD3d 760 [2006]; *Matter of Bradley v Beneduce,* 24 AD3d 546 [2005]); and it is further,

Ordered that the order of commitment is reversed insofar as reviewed, on the law and the facts, without costs or disbursements, and that branch of the petition which was to adjudicate the father in willful violation of the child support order dated January 31, 2001 is denied.

The petitioner commenced this proceeding seeking, inter alia, a determination that the father willfully violated a child support order dated January 31, 2001. The testimony before the Support Magistrate by a member of the Suffolk County Department of Social Services, Child Support Enforcement Bureau, that the father had not made the payments required under the order established a prima facie case that such violation was willful (see Family Ct Act § 454 [3] [a]; *Matter of Teller v Tubbs,* 34 AD3d 593 [2006]). The burden of going forward then shifted to the father to offer competent, credible evidence of his inability to comply with the order (see *Matter of Powers v Powers,* 86 NY2d 63, 69 [1995]).

Contrary to the determination of the Family Court, the father met this burden. The evidence adduced at the hearing established that the father's income for the 12 months preceding the hearing was insufficient to permit payments in accordance with the order of support. Further, the father's loss of higher paying employment was not self-imposed, and the record contains evidence of his active, but unsuccessful, pursuit of similar employment (cf. *Matter of Freedman v Horike,* 26 AD3d 680 [2006]). The father testified that he obtained a second job in an effort to comply with his support obligations, and made payments as he could, testimony supported by his record of making consistent support payments, albeit in amounts below that which was ordered. Under these circumstances, the finding that his violation of the order of support was willful was not supported by the record. Accordingly, that branch of the petition which was to adjudicate the father in willful violation should have been denied.

In light of this determination, the father's remaining contention has been rendered academic. Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.