■ KENNETH S. YEAGER, Appellant, v TAMI YEAGER, Respondent. [831 NYS2d 496]—

In an action for a divorce and ancillary relief, the plaintiff husband appeals from so much of an order of the Supreme Court, Orange County (Horowitz, J.), dated February 6, 2006, as granted those branches of the motion of the defendant wife which were to adjudicate him in contempt and for an award of an attorney's fee.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were to adjudicate the plaintiff in contempt and for an award of an attorney's fee are denied.

The plaintiff husband's concession that he had not complied with the order of the Supreme Court awarding the defendant wife arrears in support and counsel fees on a prior pendente lite application, which order had been reduced to a judgment, established, prima facie, a willful violation of the court mandates (*cf. Popelaski v Popelaski*, 22 AD3d 735 [2005]). The burden thus shifted to the plaintiff husband to offer competent, credible evidence of his inability to make the payments as Ordered (*see Matter of Powers v Powers*, 86 NY2d 63 [1995]; *see also Matter of Musarra v Musarra*, 28 AD3d 668).

The hearing testimony established that the plaintiff husband was making current payments under the pendente lite order. The remainder of the plaintiff husband's net income, some $1,100 per month, went toward meeting his reasonable needs.

There was no proof of the existence of any additional source of funds to satisfy the judgment, other than funds held in a Schwab investment account. As access to that account was frozen by order of the Supreme Court, those funds were unavailable to the plaintiff husband (*cf. Orange County Commr. of Social Servs. [Fraser] v Green*, 35 AD3d 745).

The plaintiff husband met his burden of showing his inability to comply with the judgment (*cf. Kainth v Kainth*, 36 AD3d 915 [2007]). "In the absence of proof of an ability to pay, an order of commitment for willful violation of a judgment in a matrimonial action may not stand [citations omitted]" (*Bisnoff v Bisnoff*, 27 AD3d 606, 607 [2006]).

In light of our determination on the issue of willfulness, the award of an attorney's fee must necessarily be denied as the award was made pursuant to the provisions of Domestic Relations Law § 237 (c), which mandate such an award upon a finding of willfulness. Miller, J.P., Spolzino, Florio and Angiolillo, JJ., concur.