■ In the Matter of Tracy Grasso, Respondent, v Joseph A. LaRocca, Appellant. [864 NYS2d 88]—In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Suffolk County (Freundlich, J.), dated October 24, 2007, which, upon confirming an order of the same court (Orlando, S.M.), also dated October 24, 2007, which, after a hearing, found that he willfully violated a prior order of support, committed him to the custody of the Suffolk County Correctional Facility for a term of imprisonment of five months unless he paid the sum of $5,000 to the Suffolk County Child Support Collection Unit. By decision and order on motion dated November 23, 2007, this Court directed that the father be released from civil confinement pending hearing and determination of this appeal upon certain conditions.

Ordered that the order of commitment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a new hearing and a new determination thereafter on the issue of the father's ability to pay his child support obligations.

In the absence of proof of an ability to pay, an order of commitment for willful violation of a support order may not stand (*see Yeager v Yeager,* 38 AD3d 534, 535 [2007]; *Matter of Kainth v Kainth,* 36 AD3d 915, 916 [2007]; *Bisnoff v Bisnoff,* 27 AD3d 606, 607 [2006]; *Matter of Riccio v Paquette,* 284 AD2d 335 [2001]; Family Ct Act § 455 [5]). The father's ability to pay was not adequately explored at the hearing. The order of commitment was, therefore, improperly made. Accordingly, we remit the matter to the Family Court, Suffolk County, for a new hearing and a new determination thereafter on the issue of the father's ability to pay his child support obligations (*see Matter of Riccio v Paquette,* 284 AD2d at 335). Mastro, J.P., Florio, Dickerson and Belen, JJ., concur.