■ In the Matter of ALEXANDR SELEZNOV, Appellant, v ELEONORA PANKRATOVA, Respondent. (Proceeding No. 1.) In the Matter of ELEONORA PANKRATOVA, Respondent, v ALEXANDR SELEZNOV, Appellant. (Proceeding No. 2.) [871 NYS2d 189]—

The Family Court erred in dismissing the father's petition which sought, among other things, downward modification of his child support obligation and a change in custody of the parties' child from the mother to him. Under the circumstances of this case, the Family Court possessed jurisdiction to adjudicate the father's petition on the merits (*see* Family Ct Act § 652 [b] [ii]; *Matter of Renzulli v McElrath*, 286 AD2d 335, 336 [2001]; *cf. Coleman v Coleman*, 294 AD2d 530 [2002]; *Lahaie v Stortecky*, 91 AD2d 723 [1982]). Accordingly, the matter must be remitted to the Family Court, Kings County, for such a determination.

The Family Court correctly determined that the father willfully violated the order of support dated November 17, 2006. The father admitted at a hearing on March 9, 2007, that he had not paid any child support since 2005, which constituted prima facie evidence of a willful violation of the order of support, and

shifted the burden to the father to offer competent, credible evidence of his inability to comply with the order of support (*see* Family Ct Act § 454 [3] [a]; *Matter of Powers v Powers*, 86 NY2d 63, 69 [1995]; *Yeager v Yeager*, 38 AD3d 534 [2007]; *Matter of Kainth v Kainth*, 36 AD3d 915, 916 [2007]; *Matter of Jarrett v Mosslih*, 34 AD3d 808 [2006]; *Matter of Teller v Tubbs*, 34 AD3d 593 [2006]). The father failed to meet his burden. The evidence established, by clear and convincing evidence, that the father willfully and deliberately situated himself in a position to have limited income, and failed to demonstrate that he had made reasonable efforts to obtain gainful employment to meet his child support obligation (*see Matter of Teller v Tubbs*, 34 AD3d at 594).

The father's remaining contention is without merit. Miller, J.P., Dickerson, Leventhal and Belen, JJ., concur.