■ In the Matter of KRISTA DEVRIES, Respondent, v MICHAEL DEVRIES, Appellant. [875 NYS2d 488]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals (1), as limited by his brief, from so much of an order of the Family Court, Orange County (Bivona, J.), dated October 15, 2007, as, after a hearing, upon a finding that he was in contempt for failure to comply with the terms of an amended judgment dated January 24, 2007, and committing him to the Orange County Jail for a period of 30 days, and upon conditioning the suspension of his commitment on his remaining current in his child support and maintenance obligations in the future, in effect, directed the automatic revocation of the suspension of his commitment, without a hearing, upon his failure to abide by that condition in the future, (2) from a money judgment of the same court, also dated October 15, 2007, in favor of the mother and against him in the principal sum of $43,886.47, and (3) from an order of the same court dated April 17, 2008, which denied his motion to vacate the order dated October 15, 2007, and for a new hearing on the issue of contempt on the ground that he was denied the effective assistance of counsel.

Ordered that the order dated October 15, 2007, is reversed insofar as appealed from, on the law, without costs or disbursements; and it is further,

Ordered that the appeal from the money judgment is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order dated April 17, 2008, as denied that branch of the father's motion which was to vacate the order dated October 15, 2007, is dismissed as academic in light of our determination of the appeal from the order dated October 15, 2007; and it is further,

Ordered that the order dated April 17, 2008, is affirmed insofar as reviewed, without costs or disbursements.

Although the Family Court has the discretion to suspend an order of commitment upon the condition of continued compliance with a prior order of support (*see* Family Ct Act § 455 [1]; *Matter of Russo v Goldbaum*, 215 AD2d 763 [1995]), the Family Court may not direct that the suspension be automatically revoked without notice and without a hearing upon failure to abide by the condition (*see Matter of Wolski v Carlson*, 309 AD2d

759 [2003]; *Matter of Rogers v Rogers*, 77 AD2d 818 [1980]; *Matter of Bailey v Bailey*, 34 AD2d 984 [1970]).

The Family Court did not err in denying that branch of the father's motion which was for a new hearing based upon the alleged ineffective assistance of counsel at the contempt hearing. Counsel was authorized to practice law at the time of his representation of the father at the contempt hearing. Counsel's resignation from the practice of law was not accepted by the Appellate Division and not effective until months after the hearing. Pursuant to 22 NYCRR 691.10, counsel's representation was permissible.

The father's remaining contentions are without merit. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.