In a child support proceeding pursuant to Family Court Act article 4, the mother appeals from an order of the Family Court, *909 Rockland County (Edwards, J.), entered November 14, 2011, which, upon an order of the same court (Miklitsch, S.M.), dated July 28, 2011, made after a hearing, inter alia, finding that she willfully violated a child support order dated April 6, 2009, confirmed the finding of willfulness and sentenced her to a term of 180 days in the Rockland County Jail unless she purged her contempt by paying the sum of $1,690.
Ordered that the order entered November 14, 2011, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof sentencing the mother to a term of 180 days in the Rockland County Jail, and substituting therefor a provision sentencing her to a term of 30 days in the Rockland County Jail; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, for the issuance of an order of commitment in accordance herewith.
Upon the establishment of a prima facie case that the mother willfully violated a child support order dated April 6, 2009 (see Family Ct Act § 454 [3] [a]; Matter of Powers v Powers, 86 NY2d 63, 69 [1995]; Matter of Kainth v Kainth, 36 AD3d 915, 916 [2007]; Matter of Teller v Tubbs, 34 AD3d 593, 593 [2006]), the burden then shifted to the mother to offer competent, credible evidence of her inability to comply with that order (see Matter of Powers v Powers, 86 NY2d at 69; Matter of Kainth v Kainth, 36 AD3d at 916; Matter of Teller v Tubbs, 34 AD3d at 593-594). Contrary to the mother’s contention, the Support Magistrate properly determined that she failed to meet that burden (see Matter of Teller v Tubbs, 34 AD3d at 593-594; Matter of Fallon v Fallon, 286 AD2d 389, 389 [2001]; Matter of Reed v Reed, 240 AD2d 951, 952 [1997]; cf. Matter of Kainth v Kainth, 36 AD3d at 916). Accordingly, the Family Court properly confirmed the Support Magistrate’s finding that the mother willfully violated the child support order dated April 6, 2009.
However, we agree with the mother that the sentence of a term of 180 days in jail imposed by the Family Court was excessive, and that, under the circumstances of this case, a shorter term of commitment is more appropriate (see Matter of Wolski v Carlson, 309 AD2d 759, 759 [2003]; cf. Matter of Aron v Aron, 140 AD2d 697, 698 [1988]). Skelos, J.E, Angiolillo, Dickerson and Hall, JJ., concur.