■ In the Matter of ELLA MAE H and Others Alleged to be Neglected Children. HILDA SCHICK, as Commissioner of the Sullivan County Department of Social Services, Respondent; EDNA H et al., Appellants.—Appeal from an order of the Family Court of Sullivan County, entered February 11, 1976, which adjudged Ella Mae and Christine "H" to be neglected children and directed said children to remain in the care and custody of the Sullivan County Department of Social Services for a period of 18 months. The sole issue on this appeal is whether the proof offered at the fact-finding hearing was of a quality that justified the judicial conclusion that the siblings were neglected children. After a fact-finding hearing on October 23, 1975, Ella Mae "H", age 14 months, and Christine "H", age two and one-half months, were found to be neglected children and an order of disposition was entered (Family Ct Act, § 1054) releasing the children to the custody of their parents on a conditional basis providing that if either child was unnecessarily hospitalized again they would be removed from the custody of their parents. Within seven days of the entry of the order, the youngest child, Christine, was admitted to the hospital. Shortly thereafter Ella Mae was likewise admitted. Pursuant to a second neglect petition a fact-finding hearing was held wherein both the testimony of Dr. D'Amico, the family physician, and the hospital records clearly proved that each admission was for a nonmedical reason. The children were hospitalized, as they had been on numerous prior occasions, because the family doctor believed that their safety and health were in danger because of marital strife, their mother's high emotionalism and the generally deteriorated living conditions at home. The Family Court properly concluded that the hospital admissions subsequent to its conditional order of October 23, 1975 were a willful and unjustifiable violation of that order (Family Ct Act, § 1072). Therefore, since section 1072 of the Family Court Act empowers the Family Court, after a hearing, to revoke an order of supervision or of protection and enter any order that might have been made at the time the order of supervision or of protection was made, the court acted properly in making and entering the order appealed from. Order affirmed, without costs. Koreman, P. J., Sweeney, Mahoney, Larkin and Reynolds, JJ., concur.