■ In the Matter of MARTHA BALYA, on Behalf of CONSTANCE PLOUFFE, Respondent, v DANIEL J. RILEY, SR., Appellant. [622 NYS2d 824] —Peters, J. Appeal from an order of the Family Court of Rensselaer County (Hummel, J.), entered February 8, 1994, which, *inter alia,* in a proceeding pursuant to Family Court Act article 4, found that respondent willfully violated an order of support.

In March 1988, respondent appeared in Family Court and admitted to a willful violation of a January 8, 1988 order which had required him to pay $50 per week for the support of his three children, $25 per week toward arrearages due petitioner and $10 per week toward arrearages due the Rensselaer County Department of Social Services. At that time, respondent was sentenced to a term of imprisonment of 120 days for the violation of the order. The sentence was suspended on condition that respondent not miss one payment, either in whole or in part.

On March 23, 1990, an order to show cause was signed by Family Court supported by an affidavit from the support collector of Rensselaer County. Such affidavit, with annexed petition, alleged that respondent failed to make required support payments as of March 16, 1990, accumulating arrears in the amounts of $3,860 to petitioner and $900 to the Department of Social Services.

When respondent failed to appear on the return date, a warrant was issued for his arrest. He was finally located, arrested and arraigned on January 29, 1993. By the date of the hearing, February 4, 1994, the account computation maintained by the Support Collection Unit reflected that respondent failed to make any payments during the years 1990 through 1992 and only made partial payments during 1993 when he was actually employed.

The issue at the hearing was whether the suspension of respondent's jail sentence should be revoked for the failure to make the required payments. Counsel for respondent contended that respondent had not missed any payments since respondent's father had financially provided for his son's

children through, *inter alia,* the purchase of a two-family residence approximately 13 years earlier where petitioner and the children continually resided and which had a rental income which was available to petitioner. After listening to counsel's argument, Family Court asked if there was anything further that counsel wished to put on the record. Counsel then advised that he sought to examine petitioner to determine what she did with the money she received from respondent's father. The court refused such request, determining the issue irrelevant. Respondent did not avail himself of the opportunity to testify. Respondent was thereafter found by Family Court to be in contempt and therefore the suspension of his sentence was revoked. The court did, however, advise respondent that he could purge himself of the contempt by paying $5,000. At such time, total arrearages amounted to $12,265 owed to petitioner and $900 owed to the Department of Social Services.

Respondent contends on appeal that Family Court improperly refused to allow testimony concerning his father's contributions of support to the children on his behalf. He contends that had such information been presented, he would have been entitled to credit such amount as an offset against his arrearages. Respondent further contends that the amount of arrearages had been calculated improperly pursuant to Domestic Relations Law § 240 (1-b) (g) since his income is below the poverty level. Finally, respondent contends that Family Court failed to provide him with a hearing on the charge of "willful" default.

Addressing first respondent's contention that he was not permitted to testify and that had he been given the opportunity, he would have shown that a disabling alcohol and drug addiction rendered him unable to work or pay child support during the relevant time and that arrearages were improperly calculated pursuant to Domestic Relations Law § 240 (1-b) (g), we find that the record does not reflect that respondent raised these issues before Family Court. We further find that respondent was afforded his statutory right to be heard and to present witnesses *(see, Matter of Abbondola v Abbondola,* 40 AD2d 976). Respondent chose only to argue that his father's transfer of assets to petitioner offset his support obligations *(see, Maule v Kaufman,* 33 NY2d 58). As repeated demands made upon respondent to meet his court-ordered support obligation were not complied with, we find that Family Court correctly determined that the argument concerning asset

transfers which preceded the original support order was irrelevant.

We further note that as to the claim of error in failing to provide respondent with a hearing on the charge of "willful" default, respondent had already admitted to a willful violation of the support order when his jail sentence was suspended. Hence, the only issue before Family Court was whether good cause existed to revoke the suspension of the sentence. In so finding, we note "nothing [in the record] to mitigate the flagrant failure to obey the order when [respondent] was working" (Matter of Sheridan v Sheridan, 70 AD2d 698, lv dismissed 48 NY2d 605).

Hence, since it is well settled that a deprivation of liberty must be preceded by a fair hearing (People ex rel. Silbert v Cohen, 36 AD2d 331, affd 29 NY2d 12; see also, Matter of Stagnar v Stagnar, 98 AD2d 983; Matter of Rogers v Rogers, 77 AD2d 818), we find that the underlying proceeding passed constitutional muster.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.