■ In the Matter of ELEANOR LANE, Petitioner, v TIMOTHY LANE, Appellant. FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [627 NYS2d 817] —Cardona, P. J. Appeal from that part of an order of the Family Court of Franklin County (Rogers, J.), entered June 2, 1994, which, in a proceeding pursuant to Family Court Act article 6, held respondent in violation of a prior court order and revoked respondent's suspended jail sentence.

On March 24, 1994, at a hearing before Family Court, respondent admitted to a violation of a prior order of that court dated September 28, 1992 concerning visitation of the parties' children which had required him to, *inter alia*, submit to alcohol and drug testing; he was sentenced to a term of imprisonment of 60 days. The sentence was suspended on condition that respondent cooperate with a treatment center in receiving alcohol and drug counseling. Family Court's decision was set forth in a written order dated April 12, 1994.

On May 18, 1994, based on a letter of the Law Guardian for the parties' children indicating that respondent may have violated the conditions of the suspended sentence, Family Court, on its own motion, signed an order to show cause. At the ensuing hearing, the issue was whether the suspension of respondent's jail sentence should be revoked for his failure to cooperate and participate in the treatment center's evaluation program. Respondent contended that at the time of the alleged noncooperation, he had not yet received a copy of the court's April 12, 1994 written order. He thought he was only supposed to submit to a urine test and was not aware that he was under order to participate in further evaluation. He contended that it was not until he received the written order that he understood his obligations. Respondent's current wife also testified that she and respondent had filed a petition to terminate the September 1992 court-ordered visitation which had been the basis for the drug testing required by that order. She and respondent believed that court-supervised visitation was no longer necessary and that the parties were hoping to work out a voluntary arrangement.

At the conclusion of the hearing, Family Court rejected respondent's excuses and revoked the suspension of the sentence. The court also directed that respondent continue to

comply with the treatment terms set forth in the prior April 12, 1994 order. This appeal followed.*

Initially, we note that respondent's appeal is only from the sentence imposed by Family Court. Respondent has served his sentence rendering the matter moot (see, e.g., Matter of Wright v Wright, 205 AD2d 889, 892; Matter of Madison County Support Collection Unit v Drennan, 156 AD2d 883), thus requiring dismissal of the appeal.

Were we to address the merits, we would affirm. Respondent argues that Family Court erred in its April 12, 1994 written order in finding that respondent's violation of the September 1992 order was willful. This argument is specious. It is first noted that respondent never appealed the April 12, 1994 order and thus this argument is not properly before this Court (see, Shah v State of New York, 212 AD2d 876; Hess v Baccarat, 210 AD2d 544). In any event, the transcript of the proceedings wherein respondent admitted to violating the terms of the September 1992 order in exchange for the suspended sentence clearly provide a sufficient factual basis for the court's finding of a willful violation (see, Matter of Balya v Riley, 212 AD2d 941). Thus, the only question before Family Court was whether good cause existed to support a revocation of the suspended sentence (see, supra). We find ample evidence in the record to support the court's finding. As Family Court noted, it was made very clear to respondent at the time of imposing the suspended sentence that he would go to jail if he failed to cooperate. At that hearing respondent, represented by counsel, specifically agreed that he would "attend and comply with anything that [the treatment center] tells him to do" and that if he did not do what he was told to do he would "be required to serve sixty days in * * * jail". The record therefore fails to offer any support for respondent's assertion that he thought he was only required to provide a urine sample.

Respondent next argues that because the parties no longer seek court-ordered visitation, Family Court lacked the authority to continue to require him to undergo drug and alcohol treatment. Even assuming that this argument is properly before this Court, we reject it. In doing so, we note that al-

---

* On appeal, respondent contends that the Franklin County Department of Social Services lacked standing to bring the May 18, 1994 order to show cause. Although the Department has filed a responding brief on appeal, we note that the order to show cause was signed by Family Court on its own motion; the Department never requested such an order and did not participate in the hearing on whether respondent's suspended sentence should be revoked.

though respondent claimed that the parties had come to a private arrangement and that he had filed a petition to terminate visitation, the fact remains that the prior court orders continued in full force and effect and had not been superseded by any subsequent orders.

White, Casey, Peters and Spain, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.