■ In the Matter of SHERRY ACKERMAN, Respondent, v MICHAEL J. HOURIGAN, SR., Appellant. [630 NYS2d 136] —Mikoll, J. P. Appeal from an order of the Family Court of Rensselaer County (Griffin, J.), entered November 15, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, to hold respondent in contempt of court for failure to pay child support.

Family Court issued an order of support on March 15, 1991 requiring respondent to make weekly support payments to petitioner of $50 toward his weekly support obligation of $100, with the remaining $50 accumulating as arrearage. On July 15, 1992, a further order was issued providing that a failure to make three payments would result in an imposition of a jail sentence of 45 days for contempt of court.

On October 23, 1993, the Hearing Examiner recommended finding respondent in wilful violation of the orders of the court based on nonpayment of his support obligations and urged the imposition of a 45-day sentence for contempt of court. The recommendation was confirmed by Family Court on March 9, 1994, with the prison term conditionally suspended. No appeal was taken from the order of confirmation. Respondent was then served with an order to show cause which sought his incarceration for failure to comply with the orders of support. Respondent appeals from Family Court's order finding that he had wilfully violated the previous orders and sentencing him to 45 days in jail.

To the extent that respondent appears to raise issues on this appeal pertaining to the original orders of support, the time to appeal therefrom has long expired (*see,* CPLR 5513) and their legality is not involved in these proceedings. Directing our attention to respondent's procedural challenge raised on the appeal of the instant order, we find his contentions of improper notice pursuant to Family Court Act §§ 433 and 453 (b) to be without merit. These sections are applicable to enforcement proceedings. This matter, on the other hand, was brought pursuant to Family Court Act § 455 (1) and sought to have the conditional suspension of the prior order of commitment lifted for respondent's failure to comply with the condition imposed. Respondent was informed of the nature of the proceeding, his right to counsel, granted an adjournment and accorded an opportunity to be heard. In the absence of anything in the record to demonstrate the necessity of an evidentiary hearing on the issue of good cause, respondent's rights to notice and hearing were satisfied.

Respondent's claim that his right to counsel was impaired is

also without merit. An adjournment was granted to obtain counsel and an offer of counsel in case of indigency was also made. Respondent thereafter appeared without counsel and knowingly and voluntarily elected to proceed without an attorney. Respondent's contention that the sentence had lapsed is also without merit. Family Court was authorized to revoke the suspension at any time (Family Ct Act § 455 [1]).

Crew III, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.