THIRD DEPARTMENT, SEPTEMBER, 1996

(September 4, 1996)

■ In the Matter of JOHN L. CHECCHIA, SR., Individually and as Chairman of the Republican Committee of Tioga County, et al., Appellants, v TIOGA COUNTY BOARD OF ELECTIONS et al., Respondents. [647 NYS2d 298] —Per Curiam. Appeal from an order of the Supreme Court (Rose, J.), entered August 23, 1996 in Tioga County, which dismissed petitioners' application to, *inter alia,* declare valid the designating petitions naming petitioners John L. Checchia, Sr., Josephine Checchia, Charles Farrell and Kenneth Seaver as candidates for the party position of Republican County Committee Member in various election districts in Tioga County in the September 10, 1996 primary election.

Petitioners each seek to become a candidate in their respective election districts in Tioga County for the party position of member of the Republican County Committee. To this end, each filed a designating petition with respondent Tioga County Board of Elections (hereinafter the Board). Neil Hall, Jr. subsequently filed written objections and specifications to the designating petitions of petitioners John L. Checchia, Sr., Josephine Checchia, Charles Farrell and Kenneth Seaver, which were sustained by the Board on July 19, 1996.

On August 16, 1996, petitioners commenced this proceeding seeking two distinct avenues of relief. First, Checchia, Sr., Checchia, Farrell and Seaver seek review of the Board's determinations invalidating their respective designating petitions. Moreover, Farrell and Seaver, along with three others, seek review of the Board's determination to declare 10 candidates as unopposed winners in their respective election districts on the ground that none of those candidates faced a candidate of the same gender in the primary. Supreme Court dismissed the petition, petitioners appealed, and we now affirm.

The bylaws of the Tioga County Republican Committee provide, as pertinent here, that: "The Republican County Committee shall consist of two members from each election district with preference given to one man and one woman in each district, but to allow two men or two women in a district" (Tioga County Republican Party Bylaws § 2 [A]). Pursuant to this provision, the Board declared that 10 Republican candidates (nine women and one man) seeking a County Committee position in their respective election districts were the unopposed winners by virtue of the fact that there was not another candidate of the same gender running for a County Committee position in that district. In challenging the Board's determination in this regard, petitioners argue that there is no authority in the Election Law for a county committee to provide for equal representation of the sexes in election districts. They further assert that this bylaw provision and the Board's interpretation thereof infringe upon their Constitutional rights.

Election Law § 2-104 (2) provides, in pertinent part, that: "If * * * [a county] committee * * * shall provide by rule for equal representation of the sexes on such committee, the rules of such committee relative to additional members, either from election districts or at large, shall be formulated and applied in such manner that the whole membership shall consist of an even number, equally divided between the sexes. When any such rule provides for equal representation of the sexes, the designating petitions and primary ballots shall list candidates for such party positions separately by sexes." In addition, NY Constitution, article XIII, § 1 provides, as relevant here, that "any committee of a political party may, by rule, provide for equal representation of the sexes on any such committee". Thus, contrary to petitioners' assertions, there is both statutory and Constitutional authority for the Tioga County Republican Committee to provide for equal representation of men and women in its districts, and we view the challenged

bylaw, as interpreted and implemented by the Board, to be entirely consistent with that authority (see, *Matter of Ferraro v Power*, 1 NY2d 910). As properly concluded by Supreme Court, the term "preference" as used in the bylaw would have no meaning if a candidate of one gender could be defeated by two candidates of the opposite gender each receiving more votes. To the extent that petitioners are arguing that the bylaw, and, by implication, NY Constitution, article XIII, § 1 and Election Law § 2-104 (2), violate the Federal Constitution, we note that the Attorney-General has not been made a party to this proceeding (see, Executive Law § 71), thereby precluding our review of this issue (see generally, *Matter of Bader v Board of Educ.*, 216 AD2d 708).

As a final matter, we agree with Supreme Court that to the extent that it seeks validation of the designating petitions of Checchia, Sr., Checchia, Farrell and Seaver, the instant proceeding is untimely. Pursuant to Election Law § 16-102 (2), petitioners were required to commence a proceeding to validate their petitions within 14 days from the last day for filing their designating petitions or three business days from the Board's determination invalidating such petitions, whichever was later.

Mikoll, J. P., Mercure, Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.