(August 18, 1998)

■ In the Matter of RHODERICK U. BARRETT et al., Appellants, v THOMAS MANTON et al., Respondents. (Proceeding No. 1.) In the Matter of ZANDRA MYERS et al., Respondents, v RHODERICK U. BARRETT et al., Appellants, et al., Respondent. (Proceeding No. 2.) [677 NYS2d 151] —In related proceedings to validate and invalidate a petition designating Rhoderick U. Barrett and Carol B. Howell as candidates in a primary election to be held on September 15, 1998, for the nomination of the Democratic Party as its candidates for the party positions of Male District Leader, 31st Assembly District, Part A, Queens County, and Female District Leader, 31st Assembly District, Part A, Queens County, respectively, the appeal is from a judgment of the Supreme Court, Queens County (Posner, J.), dated August 12, 1998, which, after a hearing, denied the petition to validate and granted the petition to invalidate.

Ordered that the judgment is affirmed, without costs or disbursements.

At issue herein is the number of signatures required for a designating petition of a candidate seeking the party position of District Leader, 31st Assembly District, Part A, Queens County.

The Election Law provides that the number of valid signatures required for a designating petition for a District Leader

is either 5% of the enrolled voters of the party residing within the political unit in which the position is to be voted (*see,* Election Law § 6-136 [2]) or 500 (*see,* Election Law § 6-136 [2] [i]). The minimum number of signatures required in this case was 500. Since the candidates had only 299 valid signatures, their designating petition was properly invalidated.

To the extent that the appellants seek to challenge the constitutionality of the applicable provisions of the Election Law, the challenge is unreviewable for failure to give timely notice to allow the Attorney-General the opportunity to intervene in these proceedings (*see,* CPLR 2214; Executive Law § 71; *Matter of McGee v Korman,* 70 NY2d 225; *Matter of Checchia v Tioga County Bd. of Elections,* 231 AD2d 752, 754).

The appellants' remaining contention is without merit. Bracken, J. P., Altman, McGinity and Luciano, JJ., concur.