■ In the Matter of JERROLYNN DAURIA, Respondent, v JOHN J. DAURIA, Appellant. [730 NYS2d 895] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from a July 1999 order of Family Court revoking a suspended sentence and sentencing respondent to 30 days' incarceration. By failing to file written objections to the order of the Hearing Examiner finding him in willful violation of the underlying support order, respondent waived his right to appellate review of his present contention that the Hearing Examiner failed to

hold a hearing before finding him in willful violation (*see generally,* Family Ct Act § 439 [e]; *Matter of Ballard v Davis,* 248 AD2d 858, 859, *lv denied* 92 NY2d 803; *Matter of Werner v Werner,* 130 AD2d 754). In addition, respondent's contentions concerning the propriety of Family Court's April 1998 order finding a willful violation of the support order and imposing a suspended sentence of incarceration are not properly before this Court because respondent failed to appeal from that order (*see, Matter of Lane v Lane,* 216 AD2d 641, 642). In any event, respondent admitted the willful violation in exchange for the suspended sentence (*see, Matter of Lane v Lane, supra,* at 642; *Matter of Balya v Riley,* 212 AD2d 941, 943). The only issue thereafter was whether "good cause" was shown to "revoke the suspension of the order of commitment" (Family Ct Act § 455 [1]; *see, Matter of Lane v Lane, supra,* at 642; *Matter of Balya v Riley, supra,* at 943), and the court properly held a hearing on that issue (*see, Matter of Balya v Riley, supra,* at 943; *cf., Ontario County Dept. of Social Servs. [Reilly] v Hinckley,* 226 AD2d 1126). (Appeal from Order of Erie County Family Court, Townsend, J.—Contempt.) Present—Pigott, Jr., P. J., Green, Hayes, Burns and Lawton, JJ.