■ In the Matter of EDITH L. BRITTON, Respondent, v JAMES BRITTON, Appellant. (Appeal No. 1.) [738 NYS2d 627] —Appeal from an amended order of Family Court, Onondaga County (Rossi, J.), entered August 8, 2001, which, inter alia, confirmed the Hearing Officer's finding of willful violation.

It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by suspending the commitment pending determination of the hearing and as modified the amended order is affirmed

without costs and the matter is remitted to Family Court, Onondaga County, for further proceedings in accordance with the following memorandum: Family Court properly determined that respondent failed to establish that he is entitled to a downward modification of his child support obligation (*see, Matter of Boden v Boden*, 42 NY2d 210, 212-213). Moreover, we agree with the court that respondent willfully violated the child support order, which directed respondent to pay the child support provided for in the separation agreement and judgment of divorce, by unilaterally reducing his child support payments despite then having the means to make the ordered payments (*see, Matter of Mazzilli v Mazzilli*, 248 AD2d 474). We conclude, however, that the court erred in denying respondent's request for a hearing pursuant to Family Court Act § 455 (2) to determine whether he was financially unable to comply with the child support order at the time of the commitment order and thus whether he should be relieved of the payments directed in the child support order. We therefore modify the amended order in appeal No. 1 by suspending the commitment pending determination of the hearing, and we remit the matter to Family Court, Onondaga County, for a hearing pursuant to Family Court Act § 455 (2). We suspend the order in appeal No. 3 pending determination of the hearing. Present—Pine, J.P., Wisner, Scudder, Burns and Gorski, JJ.