█ In the Matter of RUTH COLEMAN, on Behalf of SHAUNA THOMAS, Respondent, v KEITH L. THOMAS, Appellant. [744 NYS2d 434] —In a child support proceeding pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B), the father appeals from an order of the Family Court, Queens County (Hunt, J.), dated February 21, 2001, which denied his objections to an order of the same court (Clark, H.E.), dated

October 23, 2000, which, after a hearing, denied his application to terminate his child support obligation.

Ordered that the order is affirmed, without costs or disbursements.

This child support proceeding pursuant to the Uniform Interstate Family Support Act (hereinafter the UIFSA), enacted in New York as Family Court Act article 5-B, was initially commenced in California by Ruth Coleman (hereinafter the grandmother), on behalf of her granddaughter, Shauna Thomas (hereinafter Shauna), who were both California residents, against Shauna's father, Keith L. Thomas, a New York resident. After the proceeding was transferred to the Family Court, Queens County, a hearing was held, and an order of support was entered on September 9, 1998, against the father. Approximately two years later, the father sought to terminate that order of support on the ground that the grandmother had passed away and Shauna was 19 years old. After a hearing, the Hearing Examiner denied the father's application without prejudice, and ordered that Shauna be made the direct payee on the order of support. By order dated February 21, 2001, the Family Court denied the father's objections to the Hearing Examiner's determination.

On appeal, the father argues that Family Court Act §§ 580-304 and 580-305 are unconstitutional, both on their face and as applied to him, because they allegedly do not allow for a due process hearing before a support order is either issued or modified. However, since the father did not raise this argument before either the Hearing Examiner or the Family Court, it is unpreserved for appellate review (*see Matter of Dauria v Dauria,* 286 AD2d 879; *Matter of Baucom v Francis,* 261 AD2d 251; *Matter of Stone v Stone,* 236 AD2d 615). Moreover, because the father failed to timely notify the Attorney General of his constitutional challenge to the statutes, it is not properly before this Court for that reason as well (*see Matter of Rivera v Cassas,* 275 AD2d 417; *Matter of Barrett v Manton,* 253 AD2d 503, 504).

In any event, the issue is without merit. Not only does the UIFSA provide for a hearing before the issuance of a child support order (*see* Family Ct Act § 580-401 [c]), but the father did, in fact, receive a hearing both before the initial support order was issued in 1998, and before the modification of that order in 2000. Ritter, J.P., Altman, Adams and Crane, JJ., concur.