■ In the Matter of SUSAN A. SALES, Respondent, v RANDY J. BROZZO, Appellant. [770 NYS2d 901]—

Rose, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered October 10, 2002, which, in a proceeding pursuant to Family Ct Act article 4, revoked respondent's suspended sentence of incarceration.

When respondent failed to make ordered child support payments, petitioner commenced a proceeding pursuant to Family Ct Act article 4 seeking to find respondent in willful violation of the order of the court and to incarcerate him for his contempt. A Support Magistrate found, based upon clear and convincing evidence, that respondent had willfully failed to obey the support order. Thereafter, Family Court confirmed those findings and issued a July 2002 order sentencing respondent to a 90-day term of incarceration suspended for one year on condition that he pay the support arrears within a specified period of time. Respondent did not appeal.

Later, when respondent failed to comply with the July 2002 order, the St. Lawrence County Support Collection Unit applied to Family Court for revocation of respondent's suspended sentence of incarceration. Following a hearing in October 2002, at which respondent was represented by counsel, Family Court found good cause to revoke the suspension and committed respondent to a term of incarceration of 90 days pursuant to the July 2002 order (*see* Family Ct Act § 455 [1]). Although respondent completed the sentence of incarceration in January 2003, he now appeals from the October 2002 order revoking the suspension.

We have held that a commitment of imprisonment pursuant to Family Ct Act article 4 is "in the nature of punishment for civil contempt and completion of the jail term for a civil contempt renders the matter moot" (*Matter of Madison County Support Collection Unit v Drennan,* 156 AD2d 883, 883 [1989] [citation omitted]; *see Matter of Sabrina O.,* 309 AD2d 984, 984 [2003]; *Matter of Lane v Lane,* 216 AD2d 641, 642 [1995]). In any event, inasmuch as respondent failed to appeal from the July 2002 order, his "contentions concerning the propriety of Family Court's [July 2002] order finding a willful violation of the support order and imposing a suspended sentence of

incarceration are not properly before this Court" (*Matter of Dauria v Dauria*, 286 AD2d 879, 880 [2001]).

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.