■ In the Matter of ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of JOANNE PETRIE, Respondent, v VINCENT PRATT, Appellant. [806 NYS2d 309]—Carpinello, J. Appeal from an order of the Family Court of St. Lawrence County (Potter, J.), entered October 5, 2004, which, in a proceeding pursuant to Family Ct Act article 4, revoked respondent's suspended sentence of incarceration.

Respondent appeals from an order revoking a September 2003 suspended sentence and committing him to jail for 90 days.* As respondent has served this 90-day sentence, the instant appeal is moot (see Matter of Conroy v Elreedy-Conroy, 17 AD3d 721, 721-722 [2005]; Matter of Sales v Brozzo, 3 AD3d 807 [2004], lv denied 2 NY3d 706 [2004]; Matter of Sabrina O., 309 AD2d 984 [2003]; Matter of Madison County Support Collection Unit v Drennan, 156 AD2d 883 [1989]). To the extent that respondent claims that this matter is not moot because "a finding of contempt [and willful violation] may have significant collateral consequences" for him, we note simply that he did not appeal from the September 2003 order finding him in willful violation of child support (cf. Matter of Bickwid v Deutsch, 87 NY2d 862, 863 [1995]; Matter of Moore v Blank, 8 AD3d 1090, 1090-1091 [2004], lv denied 3 NY3d 606 [2004]) and therefore this issue is not properly before us (see Matter of Sales v Brozzo, supra at 807-808; Matter of Dauria v Dauria, 286 AD2d 879, 880 [2001]).

Crew III, J.P., Rose and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.

---

* The September 2003 order committed respondent to jail for 120 days for his willful failure to pay child support, but suspended 90 days of the sentence on certain conditions.