■ In the Matter of REGAN HORIKE, Respondent, v MARK FREEDMAN, Appellant. (And Another Related Proceeding.) [916 NYS2d 530]—

Mercure, J.P. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered October 13, 2009, which, among other things, in a proceeding pursuant to Family Ct Act article 4, denied respondent's motion to modify a prior child support order, and (2) from an order of said court, entered March 4, 2010, which, in a proceeding pursuant to Family Ct Act article 4, revoked the suspension of a prior amended order of commitment.

The parties are the divorced parents of two children, born in 1990 and 1998. The underlying facts regarding their custody and child support disputes are detailed in our decisions on respondent's four prior appeals (*see Matter of Freedman v Horike,* 68 AD3d 1205 [2009], *lv denied* 14 NY3d 811 [2010]; *Matter of Horike v Freedman,* 37 AD3d 978 [2007]; *Matter of Freedman v Horike,* 29 AD3d 1093 [2006]; *Matter of Freedman v Horike,* 26 AD3d 680 [2006]). In January 2009, Family Court, upon a Support Magistrate's recommendation, directed that respondent be incarcerated for a period of six months due to his willful violation of a prior support order. Although the court thereafter suspended the order of commitment and assigned new counsel to represent respondent, it ultimately revoked the suspension in March 2010. In a separate order, Family Court rejected respondent's objections to the Support Magistrate's dismissal of his modification petition and denied his motion to modify his support obligation. Respondent now appeals.

Initially, we reject respondent's argument that Family Court lacked the authority to revoke its sua sponte suspension of the order of commitment. Family Court has the authority both to suspend an order of commitment and to revoke that suspension "at any time" (Family Ct Act § 455 [1]; *see Matter of DeVries v DeVries,* 59 AD3d 619, 620-621 [2009]; *Matter of Thompson v Thompson,* 59 AD3d 1104, 1105 [2009]). We agree with respondent, however, that Family Court erred in failing to conduct an evidentiary hearing to determine his financial ability to meet

his support obligations after his newly assigned counsel filed a motion seeking relief from the child support order and order of commitment (*see* Family Ct Act § 455 [2]; *see e.g. Matter of Britton v Britton*, 292 AD2d 825, 826 [2002]).

Respondent's remaining arguments are either unpreserved, not properly before us or unsupported by the record.

Rose, Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the order entered October 13, 2009 is affirmed, without costs. Ordered that the order entered March 4, 2010 is reversed, on the law, without costs, and matter remitted to the Family Court of Columbia County for a hearing pursuant to Family Ct Act § 455 (2).