■ In the Matter of Melissa Conlon, Respondent, v Chad Kortz, Appellant. [926 NYS2d 723]—

---

Rose, J.

When respondent failed to make ordered child support payments, petitioner commenced a violation proceeding against him that resulted in a finding that he had willfully violated the support order. Family Court issued a March 2010 order sentencing respondent to a 30-day jail term suspended on condition that he comply with the orders of support and arrears. Petitioner later applied to Family Court for revocation of respondent's suspended sentence based on allegations of his continued nonpayment of support. Family Court issued a warrant for respondent's arrest and, upon his return on the warrant, assigned counsel to represent him and adjourned the proceeding. When respondent next appeared at the courthouse, State Police took him into custody on an unrelated matter before his case was called. Despite the absence of respondent and his counsel, Family Court entered an order of commitment sentencing respondent to jail for 30 days. Respondent appeals.

We agree with respondent's contention that Family Court abused its discretion by revoking the suspension of the jail sentence without affording him an opportunity to be heard (*see* Family Ct Act § 433 [a]; § 455 [1]; *Matter of Thompson v Thompson*, 59 AD3d 1104, 1105 [2009]; *Matter of Wolski v Carlson*, 309 AD2d 759 [2003]; *cf. Matter of Ackerman v Hourigan*, 217 AD2d 881, 881 [1995], *lv denied* 86 NY2d 708 [1995]). In view of our determination, respondent's claim that he received the ineffective assistance of counsel at the revocation proceeding is academic. To the extent that respondent challenges his counsel's effectiveness in the underlying violation proceeding, we note that he failed to appeal from the March 2010 order imposing the conditional sentence and, as such, those contentions are not properly before us (*see Matter of Sales v Brozzo*, 3 AD3d 807, 807-808 [2004], *lv denied* 2 NY3d 706 [2004]; *Matter of Lane v Lane*, 216 AD2d 641, 642 [1995]).

Peters, J.P., Lahtinen, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Schenectady County for further proceedings not inconsistent with this Court's decision.