■ In the Matter of PENNY A. BONNEAU, Respondent, v DANIEL R. BONNEAU, JR., Appellant. [948 NYS2d 728]—

Garry, J.

Respondent is responsible for payment of child support on behalf of his son (born in 1993). In July 2009, upon respondent's consent, Family Court issued an order sentencing him to a jail term of 180 days for his willful violation of a support order, and suspended the sentence on the condition that all payments would be timely made. Respondent failed to make payments thereafter and, following a hearing in April 2011, Family Court revoked the suspension and imposed a purge amount of $5,000.* Respondent appeals.

Upon finding that a support order was willfully violated, Family Court may order commitment to jail for no more than six months and may suspend the order of commitment (*see* Family Ct Act §§ 454 [3] [a]; 455 [1]). The suspension may be revoked at any time "[f]or good cause shown" (Family Ct Act § 455 [1]; *see Matter of Horike v Freedman*, 81 AD3d 1091, 1091 [2011], *lv denied and dismissed* 16 NY3d 889 [2011]), and we find that it was here. At the April 2011 hearing, the parties stipulated that respondent made payments until November 2010. Respondent admitted that he thereafter failed to make payments between November 2010 and March 2011, but claimed that this resulted from the loss of his job, difficulty in securing new employment and the denial of his application for unemployment benefits.

---

* Respondent moved for a stay pending the outcome of this appeal, which this Court granted.

Respondent testified that these misfortunes were caused by the suspension of his driver's license for failure to pay child support, but he also acknowledged that he was terminated from his job and denied unemployment benefits for misconduct in allegedly damaging a customer's car, that his failure to pay various fines had contributed to the suspension of his driver's license, and that he could have obtained a conditional license by signing a confession of judgment as to his child support arrears, but had refused to do so. Family Court declined to credit respondent's testimony regarding his inability to pay, noting that it was unsupported by corroborating evidence and that respondent has a history of nonpayment and owes substantial arrears. According deference to the court's credibility assessments (*see Matter of Madison County Commr. of Social Servs. v Felker*, 80 AD3d 1107, 1108 [2011]), we find that the record supports the revocation of the suspended sentence (*compare Matter of Heyn v Burr*, 19 AD3d 896, 898-899 [2005]).

We are unpersuaded by respondent's claim that he received ineffective assistance of counsel. Given respondent's conflicting testimony as to the reasons for his unemployment and lack of a driver's license, counsel's failure to offer documentary evidence on these issues may have been a strategic choice (*see Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351-1352 [2006], *lv denied* 7 NY3d 717 [2006]). Viewed as a whole, the record reveals that respondent received meaningful representation (*see Matter of St. Lawrence County Dept. of Social Servs. v Pratt*, 80 AD3d 826, 827 [2011], *lv denied* 16 NY3d 712 [2011]; *Matter of Lewis v Cross*, 80 AD3d 835, 837 [2011]; *compare Matter of Templeton v Templeton*, 74 AD3d 1513, 1513-1514 [2010]). Finally, as respondent consented to entry of the July 2009 order and appeals only from the May 2011 order revoking the suspension of his sentence, the propriety of the sentence imposed is not properly before us (*see Matter of Sales v Brozzo*, 3 AD3d 807, 807-808 [2004], *lv denied* 2 NY3d 706 [2004]; *Matter of Dauria v Dauria*, 286 AD2d 879, 880 [2001]).

Peters, P.J., Lahtinen, Spain and Malone Jr., JJ., concur. Ordered that the order is affirmed, without costs.