■ In the Matter of PUTNAM COUNTY PROBATION DEPARTMENT, Respondent, v FREDERICK J. DIMICHELE, Appellant. [991 NYS2d 366]—

In related child support proceedings pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Putnam County (Reitz, J.), dated August 20, 2013, which, without a hearing, in effect, revoked an order of the same court dated October 11, 2007, suspending his commitment and placing him on probation, and directed that he be incarcerated.

Ordered that the order dated August 20, 2013, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Putnam County, for a hearing pursuant to Family Court Act § 433.

At the outset, due to the enduring consequences which may potentially flow from the revocation of the order suspending the father's commitment, the fact that the father has been released from prison due to the expiration of his commitment does not render the instant appeal academic (*see generally Matter of Biondo v New York State Bd. of Parole*, 60 NY2d 832, 834 [1983]; *Matter of Peck v Evans*, 118 AD3d 1086 [2014]).

Turning to the merits, while the Family Court had the discretion to revoke the suspension of the jail sentence it had previ-

ously imposed upon finding that the father had willfully failed to obey a lawful order of support (*see* Family Ct Act § 454 [3] [a]), the court erred in doing so without first affording the father a hearing (*see* Family Ct Act § 433 [a]; *see also Matter of Davis v Bond*, 104 AD3d 1227 [2013]; *Matter of Conlon v Kortz*, 86 AD3d 670 [2011]; *Matter of Horike v Freedman*, 81 AD3d 1091 [2011]; *Matter of Thompson v Thompson*, 59 AD3d 1104 [2009]; *Matter of DeVries v DeVries*, 59 AD3d 619, 620 [2009]).

Accordingly, we reverse the order and remit the matter to the Family Court, Putnam County, for a hearing on the petition pursuant to Family Court Act § 433. Skelos, J.P., Dickerson, Cohen and Duffy, JJ., concur.