*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 11, 2014                517563
_____

In the Matter of JEREMY M.
    HARDCASTLE,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MATIANNE B. WHITEFORD,
                        Appellant.
_____

Calendar Date:  October 10, 2014

Before:  McCarthy, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

_____

        Lisa A. Burgess, Indian Lake, for appellant.

        Rosemary Philips, Canton, attorney for the child.

_____

McCarthy, J.P.

        Appeal from an order of the Supreme Court (Morris, J.), entered August 12, 2013 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to find respondent in willful violation of a prior order of Family Court.

        Pursuant to a 2011 Family Court order, respondent (hereinafter the mother) had sole legal custody of the parties' child (born in 2010), and petitioner (hereinafter the father) was granted a detailed schedule of parenting time.  As relevant here, the parties agreed that the father would have parenting time on Halloween in even-numbered years from 4:00 p.m. to 7:00 p.m.  The father filed a petition alleging that the mother violated the order by failing to bring the child to the drop-off location on Halloween 2012.  When the parties appeared for trial on the

petition, the mother agreed to the father's proposal that she admit to a willful violation of the prior order and receive a suspended six-day jail sentence. The mother then waived her right to a trial and admitted that she was aware of the terms and conditions of the order, that the father was to have visitation with the child on Halloween, and that by failing to have the child available, she violated the order. Supreme Court found that the mother had willfully violated the order and imposed the suspended six-day jail sentence. The mother now appeals.

We affirm. The mother asserts that Supreme Court erred in accepting her admission, which led to the determination that she was aware of the terms of the prior order and that she knew that her actions violated it. Specifically, the mother argues that the court failed to make a sufficient further inquiry into her understanding of the prior order after she stated her belief that if the child was sick, she was not required to make the child available for trick-or-treating. Contrary to the mother's argument, however, the court did make further inquiry into the basis of her belief, eliciting the mother's admission that neither a court nor the father had given her permission to violate the terms of the order. In light of the mother's admissions, clear and convincing evidence exists to support the court's finding that she willfully violated the prior order (see Matter of Yeager v Yeager, 110 AD3d 1207, 1210 [2013]; Matter of Holland v Holland, 80 AD3d 807, 808 [2011]; Matter of Aurelia v Aurelia, 56 AD3d 963, 964-966 [2008]; Matter of Lane v Lane, 216 AD2d 641, 642 [1995]).

Egan Jr., Lynch, Devine and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court