Egan Jr., J.P.
Appeal from an order of the Family Court of Franklin County (Main, Jr., J.), entered December 10, 2015, which granted petitioner’s application, in a proceeding pursuant to Family Ct Act article 10, to hold respondent in willful violation of prior orders and imposed a sentence of incarceration upon respondent.
Respondent is the mother of two children—Jesse (born in 1997) and Isaiah (born in 2001). By order entered on consent (but without admissions) in May 2014, Family Court adjudicated the children to be neglected and placed respondent under the supervision of petitioner for a period of one year—subject to various terms and conditions. Such terms and conditions, which were set forth in the accompanying order of protection entered April 16, 2014, included, among other things, a directive that respondent engage in only supervised visitation with Isaiah, refrain from purchasing, possessing or consuming alcohol, marihuana or other illegal substances and undergo random drug and alcohol screening tests as requested by petitioner.
On January 5, 2015, petitioner commenced this proceeding *1451 seeking to hold respondent in willful violation of the aforementioned orders and alleging, among other things, that respondent engaged in unsupervised visitation with Isaiah, failed to cooperate with a urine screen and subsequently tested positive for—and admitted to using—marihuana. The matter was scheduled for a combined pretrial conference, compliance conference and fact-finding hearing on March 13, 2015. Following various adjournments, the parties appeared before Family Court on April 17, 2015, at which time respondent waived a hearing, admitted that she willfully violated the prior orders and agreed to an extension of both the order of supervision and the order of protection. Family Court, by order entered May 22, 2015, imposed a sanction of 90 days in the Franklin County Jail for respondent’s admitted violation of those orders, delayed respondent’s obligation to report to jail until August 28, 2015—pending a satisfactory compliance conference—and extended the subject orders until April 16, 2016.[1]
Although the August 2015 compliance report expressed concerns regarding respondent’s allegedly low creatinine levels, which apparently can be indicative of an attempt to flush one’s system of illegal or prohibited substances, petitioner nonetheless recommended that respondent’s obligation to report to jail be delayed. Family Court agreed and scheduled the next compliance conference for October 23, 2015. Although the report issued in advance of that conference indicated that respondent was compliant with respect to her supervised visitations and mental health/substance abuse counseling sessions, it also documented multiple urine screens with apparently low creatinine levels, in response to which respondent was ordered to wear a SCRAM bracelet to detect the presence of any alcohol in her system. Subsequent compliance reports continued to reflect purportedly low creatinine levels, in addition to two missed drug tests in December 2015.
In the interim, the parties appeared for a compliance conference on November 13, 2015, at which time Family Court expressed a reluctance to incarcerate respondent based upon her creatinine levels and directed that respondent’s physician or “some competent testimony” be produced at the next compliance conference—scheduled for December 11, 2015—to explain *1452 the significance/implication of the levels reflected on the urine screens. When the parties and respondent’s treating physician appeared on that date, however, Family Court indicated that no medical testimony would be required as it was prepared to incarcerate respondent based upon her failure to be tested on December 8, 2015. This appeal by respondent ensued.[2]
The attorney for the children did not appeal from Family Court’s December 2015 order imposing respondent’s previously suspended sentence, but argues in support of respondent’s position upon her appeal, challenging the propriety of Family Court’s 2014 orders of supervision and protection, the sufficiency of respondent’s allocution underlying the May 2015 order of commitment and/or the court’s corresponding finding of a willful violation. We note, however, that the sole order before this Court is Family Court’s December 2015 order imposing respondent’s previously suspended sentence and directing her to report to the local jail and, therefore, any issues relating to those prior orders are not properly before us (see generally Matter of Bonneau v Bonneau, 97 AD3d 917, 918 [2012], lv denied 19 NY3d 815 [2012]; Matter of McDowell v Domenech, 31 AD3d 554, 555 [2006]; Matter of Dauria v Dauria, 286 AD2d 879, 880 [2001]).
As to the imposition of respondent’s previously suspended sentence, Family Ct Act § 1072 provides, in relevant part, that “[i]f, after hearing, [Family Court] is satisfied by competent proof that the parent or other person violated the order of supervision willfully and without just cause, the court may: (a) revoke the order of supervision or of protection and enter any order that might have been made at the time the order of supervision or of protection was made, or (b) commit the parent or other person who willfully and without just cause violated the order to jail for a term not to exceed six months.” Although the statute on its face, as well as the case law interpreting it, clearly contemplates that a hearing be held before Family Court may find that a parent has willfully and without just cause violated a prior order of the court (see e.g. Matter of Caitlyn U. [Brian V.], 69 AD3d 1012 [2010]; Matter of Linda FF., 301 AD2d 887 [2003]; Matter of Elizabeth T., 299 AD2d 748 [2002], lv dismissed 99 NY2d 610 [2003]; Matter of Regina S., 221 AD2d 729 [1995]), the question of whether respondent willfully violated Family Court’s orders of protection and supervision was addressed and decided on April 17, 2015 when respondent waived a hearing, admitted her willful *1453 violation of the prior orders and agreed to an extension thereof in exchange for a suspended sentence. As noted previously, the sufficiency of respondent’s allocution, Family Court’s finding of a willful violation and/or the procedural safeguards afforded respondent at that time are not before us on this appeal. Hence, the questions remaining are whether good cause existed to support imposing the previously suspended sentence and, as a threshold matter, whether—as the attorney for the children argues—respondent was entitled to a separate hearing before Family Court ordered respondent to report to jail.
Preliminarily, we reject the attorney for the children’s claim that Family Court’s May 2015 commitment order is invalid because it was “self-executing” (Matter of Rogers v Rogers, 77 AD2d 818, 818 [1980]). Simply put, the record confirms that respondent’s sentence was not imposed without prior notice and an opportunity to be heard (compare Matter of DeVries v DeVries, 59 AD3d 619, 620 [2009]; Matter of Wolski v Carlson, 309 AD2d 759, 759 [2003]). Further, while there is case law that arguably suggests that, consistent with the provisions of Family Ct Act § 1072, a previously suspended sentence cannot be imposed without a hearing (see Matter of Lane v Lane, 216 AD2d 641 [1995]; Matter of Felicia R., 92 AD2d 743 [1983], lvs dismissed 59 NY2d 603, 761 [1983]; Matter of Ella Mae H., 54 AD2d 774 [1976]),[3] we are satisfied that, under the particular facts of this case, respondent was afforded sufficient due process during the December 2015 compliance conference without the necessity of a formal hearing.[4]
The record reflects that, during the course of the October 2015 compliance conference, respondent was expressly advised of the requirement “to report daily . . . for . . . urine [screens] at her own expense.” Such requirement was entirely consistent with the terms of the 2014 orders of supervision and protection—the latter of which required respondent to “submit to random alcohol/drug testing as requested by [petitioner].” When respondent appeared for the December 2015 compliance conference, petitioner advised the court that respondent failed to report for a scheduled urine screen at 8:00 a.m. on December *1454 8, 2015. Counsel for respondent indicated that respondent did report on that date—albeit several hours after her scheduled appointment because “she had to work later”—and “waited around for awhile” before leaving the facility without being tested. Given that respondent was aware that she was required to undergo daily urine screens and, further, was afforded an opportunity to respond to the otherwise uncontroverted proof that she was not in fact tested on December 8, 2015, we are satisfied that good cause existed to impose respondent’s previously suspended sentence. The remaining arguments raised by respondent and the attorney for the children have been examined and found to be lacking in merit.
Rose, Clark, Mulvey and Aarons, JJ., concur.
Ordered that the order is affirmed, without costs.

. Petitioner has advised this Court that no further extension of either the order of supervision or the order of protection was sought and, hence, such orders expired by their own terms on April 16, 2016. Additionally, respondent was directed to apply to the Franklin County Family Treatment Court program and, although not entirely clear from the record, it appears that she was accepted into that program at some later date.

. Respondent’s obligation to report to jail was stayed by a Justice of this Court pending appeal.

. The appeal in Lane was dismissed upon procedural grounds and, therefore, the resulting discussion of the merits is dictum.

. Cases discussing the imposition of a previously suspended sentence under Family Ct Act § 455 (see e.g. Matter of Putnam, County Probation Dept. v Dimichele, 120 AD3d 820 [2014]; Matter of Conlon v Kortz, 86 AD3d 670 [2011]; Matter of Dauria v Dauria, 286 AD2d at 879; Matter of Balya v Riley, 212 AD2d 941 [1995]) are not particularly illustrative, as the hearing requirements set forth in Family Ct Act § 433 are far more stringent than the hearing requirements imposed under Family Ct Act § 1072.