Matter of Madison County Support Collection Unit v Campbell (2018 NY Slip Op 04049)





Matter of Madison County Support Collection Unit v Campbell


2018 NY Slip Op 04049


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

524420

[*1]In the Matter of MADISON COUNTY SUPPORT COLLECTION UNIT, on Behalf of STEPHANIE M. EVANS, Petitioner,
v
DAVID M. CAMPBELL, Appellant.

Calendar Date: May 3, 2018

Before: McCarthy, J.P., Devine, Clark, Aarons and Pritzker, JJ.


Lawrence Brown, Bridgeport, for appellant.


Aarons, J.

MEMORANDUM AND ORDER
Appeal from an order of the Family Court of Madison County (McDermott, J.), entered January 17, 2017, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
In January 2014, respondent consented to an order confirming the Support Magistrate's finding that he willfully violated his child support obligation. Family Court suspended judgment on the condition that respondent make certain minimum payments. After respondent failed to make the requisite payments, petitioner, in November 2015, filed a violation petition against him. Following an appearance in April 2016, it was revealed that respondent had been recently employed and the child support payments had been made. As a consequence, Family
Court continued to suspend judgment and the matter was adjourned. At a November 2016 appearance, petitioner advised Family Court that, although it had been receiving payments directly from respondent's employer, such payments had ceased in early October 2016. Inasmuch as respondent failed to personally appear in November 2016, a warrant was issued for his arrest. At an appearance on January 4, 2017, respondent's counsel requested a hearing to call respondent's employer as a witness to determine why payments were not being made to petitioner. Respondent's counsel inquired whether he should subpoena the employer and, although Family Court did not explicitly respond to this inquiry, the court noted that a hearing "could at least start." At the January 17, 2017 appearance, Family Court refused to let respondent call the subpoenaed witness. Family Court noted that a hearing was unnecessary because respondent did not dispute that payments had not been made and, therefore, good cause existed to revoke the suspended judgment. Family Court sentenced respondent to a 90-day jail term and [*2]imposed a purge amount of $3,507.50. Respondent now appeals [FN1]. We reverse.
Upon a finding that a party willfully violated an order of support, the court may commit such party to a jail term not to exceed six months (see Family Ct Act § 454 [3] [a]). The court may suspend an order of commitment upon reasonable conditions and is also authorized to revoke such suspension at any time for good cause shown (see Family Ct Act § 455 [1]; Matter of Columbia County Support Collection Unit v Risley, 27 NY3d 758, 762 [2016]; Matter of Horike v Freedman, 81 AD3d 1091, 1091 [2011], lv dismissed and denied 16 NY3d 889 [2011]).
We agree with respondent that Family Court erred in revoking the suspended judgment without first conducting an evidentiary hearing (see Matter of Conlon v Kortz, 86 AD3d 670, 671 [2011]; see generally Family Ct Act § 433 [a]). Given respondent's liberty interest at stake (see Matter of Balya v Riley, 212 AD2d 941, 943 [1995]), he was entitled to present witnesses on the issue of whether good cause existed to revoke the suspended judgment (see Matter of Putnam County Probation Dept. v Dimichele, 120 AD3d 820, 820-821 [2014]; Matter of Thompson v Thompson, 59 AD3d 1104, 1105 [2009]; Matter of Wolski v Carlson, 309 AD2d 759, 759 [2003]). Because respondent was denied the opportunity to do so, the matter must be remitted for a hearing (see Ontario County Dept. of Social Servs. v Hinckley, 226 AD2d 1126, 1126 [1996]).
McCarthy, J.P., Devine, Clark and Pritzker, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Madison County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: Respondent's motion to stay the execution of the order of commitment pending determination of this appeal was granted by a Justice of this Court.