Matter of Zhuo Hong Zheng v Hsin Cheng (2019 NY Slip Op 04958)





Matter of Zhuo Hong Zheng v Hsin Cheng


2019 NY Slip Op 04958


Decided on June 19, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 19, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2018-08643
2018-08644
 (Docket No. F-14026-11/15D)

[*1]In the Matter of Zhuo Hong Zheng, respondent,
v
Hsin Cheng, appellant.


Michael D. Carlin, Brooklyn, NY, for appellant.
Brooklyn Bar Association Volunteer Lawyers Project, Brooklyn, NY (Patrick R. Garcia of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from (1) an order of the Family Court, Kings County (Amanda E. White, J.), dated July 18, 2018, and (2) an order of commitment of the same court, also dated July 18, 2018. The order confirmed a determination of the same court (Elizabeth Shamahs, S.M.) dated July 18, 2018, (1) finding, in effect, that the father willfully failed to obey an order of child support, (2) recommending that the father be committed, and (3) setting a purge amount. The order of commitment committed the father to the custody of the New York City Department of Correction for a period of six months, on weekends, with the opportunity to purge himself of the commitment by paying the sum of $7,807.34 for child support.
ORDERED that the order and the order of commitment are reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing pursuant to Family Court Act § 433 and a determination thereafter in accordance herewith.
In this proceeding pursuant to Family Court Act article 4, the Family Court issued an order dated June 26, 2013, directing the father to pay child support in the sum of $426.70 per month. Thereafter, in an order dated July 12, 2017, a Support Magistrate, after a hearing, found that the father willfully failed to obey the child support order. The Support Magistrate recommended that the father be committed, but "stayed" this recommendation and directed the father to participate in a certain rehabilitative program (see Family Ct Act § 454[3][b]). In an order dated October 11, 2017, the Family Court, in effect, confirmed the Support Magistrate's finding that the father willfully failed to obey the child support order (see Matter of Zhuo Hong Zheng v Hsin Cheng, 168 AD3d 864).
The father now appeals from an order and an order of commitment, both dated July 18, 2018. The order confirmed a determination of a Support Magistrate dated July 18, 2018, (1) finding, in effect, that the father willfully failed to obey the child support order, (2) recommending that the father be committed, and (3) setting a purge amount. The order of commitment committed the father to the custody of the New York City Department of Correction for a period of six months, on weekends, with the opportunity to purge himself of the commitment by paying the sum of $7,807.34 for child support.
At the outset, "due to the enduring consequences which may potentially flow from the revocation of the order suspending the father's commitment" (Matter of Putnam County Probation Dept. v Dimichele, 120 AD3d 820, 820), these appeals are not academic, even if the father has served his term of incarceration before the appeals are determined.
Turning to the merits, "[t]he court may suspend an order of commitment upon reasonable conditions and is also authorized to revoke such suspension at any time for good cause shown" (Matter of Madison County Support Collection Unit v Campbell, 162 AD3d 1146, 1147; see Family Ct Act § 455[1]). However, given the liberty interest at stake, the Family Court, before revoking a suspension, must provide to a respondent an opportunity to be heard and to present witnesses on the issue of whether good cause exists to revoke the suspension (see Matter of Madison County Support Collection Unit v Campbell, 162 AD3d at 1147-1148; Matter of Putnam County Probation Dept. v Dimichele, 120 AD3d at 820-821; Matter of Thompson v Thompson, 59 AD3d 1104, 1105). Here, because the father was deprived of this opportunity, we must reverse the orders appealed from and remit the matter to the Family Court, Kings County, for a hearing and a determination thereafter of whether good cause exists to revoke the suspension.
The father's remaining contentions are without merit.
AUSTIN, J.P., LEVENTHAL, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court