Matter of Gast v Faria (2021 NY Slip Op 04549)





Matter of Gast v Faria


2021 NY Slip Op 04549


Decided on July 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.


2020-08113
 (Docket No. F-2188-20)

[*1]In the Matter of Jennifer Gast, respondent,
v
Andre Faria, appellant.


Law Offices of Michael J. Alber, P.C., Huntington Station, NY (Christina Nankervisa of counsel), for appellant.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of commitment of the Family Court, Suffolk County (Paul M. Hensley, J.), dated October 13, 2020. The order of commitment, without a hearing, in effect, revoked so much of an order of the same court dated August 4, 2020, as suspended the father's commitment, and directed that he be incarcerated. By decision and order on motion dated December 4, 2020, this Court stayed enforcement of the order of commitment pending hearing and determination of the appeal.
ORDERED that the order of commitment dated October 13, 2020, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for a hearing pursuant to Family Court Act § 433.
"The court may suspend an order of commitment upon reasonable conditions and is also authorized to revoke such suspension at any time for good cause shown" (Matter of Madison County Support Collection Unit v Campbell, 162 AD3d 1146, 1147; see Family Ct Act § 455[1]). However, given the liberty interest at stake, the Family Court, before revoking a suspension of an order of commitment, must provide to a respondent an opportunity to be heard and to present witnesses on the issue of whether good cause exists to revoke the suspension (see Matter of Madison County Support Collection Unit v Campbell, 162 AD3d at 1147-1148; Matter of Putnam County Probation Dept. v Dimichele, 120 AD3d 820, 820-821; Matter of Thompson v Thompson, 59 AD3d 1104). Here, because the father was deprived of this opportunity, we must reverse the order of commitment appealed from and remit the matter to the Family Court, Suffolk County, for a hearing and a determination thereafter of whether good cause exists to revoke the suspension.
CHAMBERS, J.P., BRATHWAITE NELSON, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court